## NATHAN RICHARDSON *vs.* ISAAC DUNCAN.

Where there is an arrest for improper purposes, without just cause, or an arrest for a just cause, but without lawful authority, or an arrest for a just cause, and under lawful authority, for an improper purpose, and the person arrested pays money for his enlargement, he may be considered as having paid the money by duress of imprisonment, and may recover it back in an action for money had and received.

ASSUMPSIT for $62 50, money had and received by the defendant for the use of the plaintiff.

The cause came on for trial here, upon the general issue at May term 1826, when the plaintiff's counsel stated his case to be as follows : On the 8th of April, 1825, the defendant made a complaint to a justice of the peace against the plaintiff, and his son, *Joseph Richardson,* charging them with tearing down and burning a house and barn ; and on the same day a warrant was issued, by the justice, against the said *Nathan* and *Joseph,* and was delivered to a deputy sherriff by the defendant, who employed two persons to attend the deputy, and aid him in securing the prisoners. That the said *Joseph* and *Nathan* were arrested immediately, and carried before the said justice for examination. They requested time to send for counsel ; but the defendant refused to have the examination delayed for that purpose. The examination proceeded, and the evidence was, that the plaintiff and his son, quietly and peaceably, openly and publickly, took down an old house and barn, which stood on the plaintiff's land ; and that all the timber and boards of any value were carefully piled up ; and that some refuse boards and shingles were burned The justice ordered the plaintiff and his son to recognize for their appearance at the next superior court, in the sum of $500, each, with sureties. During the examination, and afterwards, the defendant, and others, represented, that the said *Nathan* and *Joseph* would have to go to the state's prison ; and this impression was created to such a degree, that they found it impossible to procure sureties for their appearance at the superior court. While the justice was making out a mittimus, the defendant told the plaintiff and his son, that they had better settle the matter, and

offered to drop the prosecution for $125; and to this they, unable to procure sureties, assented. Whereupon the plaintiff turned out goods of the value of $62 50, which the defendant received in payment of that sum; and the prosecution was dropped, and no further proceedings had. After this, the defendant declared, that he did not know, that the prosecution could have been maintained; but he meant to get as much out of them, as the house was worth, and that was all he cared for. The defendant sold the goods he received before the commencement of this action.

The court, under an impression, that this action could not be maintained upon these facts, directed a nonsuit, subject to the opinion of the court, upon the case above stated.

*H. Hubbard*, for the defendant.

*J. Parker*, for the plaintiff. The defendant has received the property of the plaintiff, and converted that property into money. It was obtained without any consideration, by fraud, extortion, and duress. An action for money had and received will lie to recover money obtained from any one by extortion, imposition, or oppression. 1 *Johnson's cases* 240, *Bates vs. N. Y. Insurance Company.*—2 *Strange* 915, *Astley vs. Reynolds.*—8 *East* 378, *Williams vs. Hedley.*—4 *D. & E.* 485, *Irving vs. Wilson.*—9 *Johns.* 870, *Clinton vs. Strong.*—*Ibid.* 201, *Ripley vs Gelston.*—1 *Taunt.* 359, *Snowdon vs. Davis.*—2 *Burrow* 1005, *Moses vs. Macfarlan.*—*Doug.* 696, *note, Smith vs. Broomlay.*—20 *Johns.* 293, *Wheaton vs. Hibbard.*—3 *Esp. N. P. C.* 153, *Lovell vs. Simpson.*—4 *Cowen* 454, *Frye vs. Lockwood.*—6 *Mass. Rep.* 506, *Watkins vs. Baird.*—2 *Bay's Rep.* 211, *Collins vs. Westbury.*—*Bac. Ab.* " *Duress,*" *A.*—2 *Starkie's Evidence* 505.

It is not necessary, in order to maintain this action, to shew, that the defendant has received money. It is sufficient to shew, that he has received an equivalent for money, or money's worth—it is sufficient, that he has received something, which has represented money, and done the office of money. 2 *N. H. Rep.* 335, *Willie vs. Green.*—3 *N. H. Rep.* 79, *Danforth vs. Dewey.*—14 *Mass. Rep.* 121, *Hemmenway vs. Bradford.*—11 *Mass. Rep.* 494, *Randall vs. Rich.*

But, in this case, the goods having been converted into

money, by the defendant, the proceeds would be money in his hands, so as to sustain this action, if there was any doubt on the other point. 1 *N. H. Rep.* 154, *Chauncey vs. Yeaton.* —1 *Chitt. Pl.* 90.—2 *N. H. Rep.* 462, *Webber vs. Aldrich.*— 3 *M. & S.* 198, *Foster vs. Stewart* —2 *L. Raymond* 1216, *Lamine vs. Dorrell.*—2 *Comyn on Con.* 18.—2 *D. & E.* 141, *King vs. Leith.*—*Peake's cases* 111, *Harrison vs. Walker.*—2 *Brod. & Bing.* 369, *Abbots vs. Barry.*

The parties, in this case, are not in *pari delicto,* so that the money is to be left in the hands of the defendant, on that ground, he having, by means of a groundless prosecution, taken undue advantage of the ignorance and fears of the plaintiff. There can be no compounding of a felony, when none has been committed. *Cowp.* 197, *Clark vs. Shee.*—*Doug.* 697, *Smith vs. Bromley.*—20 *Johns.* 293, *Wheaton vs. Hibbard.*

All the authorities agree, that, when a party is overreached, defrauded, or oppressed, or where an undue advantage is taken of his situation, he is not to be considered in *pari delicto ;* and the rule of *potior est conditio possidentis* is not to be applied. He is in such a case to be viewed rather as the victim of the other party, than as a *particeps criminis.*

The evidence offered in this case, exhibits a gross perversion of the criminal process of the state, which, we think, calls loudly for remedy. And this action is, in our belief, well adapted to give proper relief. If the defendant has money, which *ex æquo et bono* the plaintiff is entitled to recover, we trust, that the court will not turn us round, to another action, after we have expended double the amount of the sum claimed, unless it be absolutely necessary.

RICHARDSON, C. J. delivered the opinion of the court.

We had an impression, when this case was opened, upon the trial before the jury, that, the plaintiff being in custody by virtue of a warrant in due form of law, the contract, he made with the defendant, could not be considered as made by duress, so as to render it void ; and on this ground a nonsuit was directed. But, upon an attentive examination of the authorities cited by the plaintiff's counsel, we are now con-

vinced, that our impressions were erroneous, and that the <span style="float:right">Richardson<br>vs.<br>Duncan.</span> case of the plaintiff ought to have been submitted to the jury.

The only case, which we have found to justify a nonsuit, under the circumstances of this cause, is the one in 1 *Lev* 68, which was an *audità querelà* on a release given after judgment ; and the question was, whether the release was made by duress ? The evidence was, that the defendant, not having good cause of action, caused the plaintiff to be arrested, and detained in prison, till he made the release, with menances, that he should lie in prison and rot, if he would not seal a release ; and *Bridgman, C. J.* held, that he being in custody of the law, by the King's writ, it was not any duress, to be pleaded in avoidance of the deed. But he offered to have it found specially ; if the plaintiff's counsel requested it ; but he did not request it.

But it is now well settled, that when there is an arrest for improper purposes, without a just cause ; or where there is an arrest for a just cause ; but without lawful authority ; or where there is an arrest for a just cause, and under lawful authority, for unlawful purposes, it may be construed a duress. *Buller's N. P.* 172.—6 *Mass. Rep* 506, *Watkins vs. Baird.*— *Com. Dig. " Pleader,"* 2 *W* 19.—1 *Rolle's Ab* 687.

We are therefore of opinion, that the nonsuit in this case must be set aside, and the cause stand for trial.