## JOHN SEVERANCE *vs.* JOHN KIMBALL.

Where any person is arrested for a just cause, and by lawful authority, for an improper purpose, any money he may pay for his enlargement may be considered as paid by duress of imprisonment, and may be recovered back in an action for money had and received.

THIS was an action of assumpsit for $50, money had and received, and was tried upon the general issue at September term, 1836.

It appeared, that on the 4th of August, 1834, the defendant made a complaint in writing to a justice of the peace, that the plaintiff, on the 29th July, in the same year, wilfully wounded and maimed a hog belonging to the defendant, with intent to injure the owner thereof.

Upon this complaint a warrant was issued, by virtue of which the plaintiff was arrested and carried before the justice, where he was advised by the justice and others to settle the matter. He at length agreed, without the advice of counsel, to submit the matter to the officer who had arrested him, to one of the complainant's witnesses, and to another person—who went into a hearing immediately, on the spot, and awarded that the plaintiff should pay $7 for the hog.

Two of the referees were called as witnesses. One of them stated that the only matter submitted to them was the value of the hog, and whether the plaintiff should pay for it. The other stated that the costs of the prosecution were also submitted, and that they awarded costs.

It appeared that the prosecutor's counsel taxed the costs of the prosecution at $15 24, which sum, together with the $7, the value of the hog as estimated by the referees, the plaintiff paid.

It further appeared, that the plaintiff was held in custody under the warrant until the said value of the hog and the costs of the prosecution were paid, and then the prosecution was dropped.

It was insisted, on the part of the defendant, that if it was unlawful thus to settle the prosecution in the name of the state, the parties were *in pari delicto*, and the action could not be maintained to recover back the money the plaintiff had paid : but the court left it to the jury to say whether the reference and settlement were brought about by means of the warrant, with directions to find for the plaintiff if they should be of opinion that they were.

The jury returned a verdict in favor of the plaintiff, for the whole amount he paid to the defendant.

The defendant moved for a new trial on the above case.

*Bowman* and *Porter*, for the plaintiff.

*Sullivan*, for the defendant.

RICHARDSON, C. J., delivered the opinion of the court.

It is clearly illegal to compound a felony or a misdemeanor. 1 *B. & A.* 282, *The King* vs. *Crisp ;* 11 *Mass. R.* 368 ; 11 *East* 46, *Beely* vs. *Wingfield ;* 1 *Starkie's N.P.C.* 467, *Harding* vs. *Cooper ;* 2 *Wilson* 347, *Collins* vs. *Blantern ;* 5 *East* 294, *Edgcombe* vs. *Rodd ;* 5 *N. H. R.* 553, *Plumer* vs. *Smith ;* 3 *do.* 508, *Richardson* vs. *Duncan.*

Severance
*vs.*
Kimball.

But where it simply appears that money has been paid to compromise a public prosecution, both parties may be considered *in pari delicto,* and it cannot be recovered back. 11 *Mass. R.* 376, 377.

In this case the parties did not stand on equal ground. The plaintiff was a prisoner, and without counsel when he entered into the reference. The defendant had an adviser to assist him. The hearing was had immediately, so that there was no time to consult counsel or to prepare for the trial. And what renders this somewhat suspicious, is that the plaintiff was detained in custody under the warrant, not only during the hearing, but until he paid the amount awarded and all the costs. And the jury have found that the reference and settlement were brought about by means of the warrant.

It was laid down by this court, in *Richardson* vs. *Duncan,* 3 *N. H. R.* 511, that where there is an arrest for a just cause and under lawful authority, for unlawful purposes, it may be construed a duress.

Here the jury must have been of opinion that the arrest was made for the unlawful purpose of compelling the plaintiff to settle the matter.

The money paid by the plaintiff must, then, be considered as extorted by an illegal use of the warrant, by oppression and duress; and we are of opinion that there ought to be

*Judgment on the verdict.*