#### IN THE

## SUPERIOR COURT OF JUDICATURE,

#### FOR THE

## COUNTY OF GRAFTON, JULY TERM,

### A. D. 1838.

---

## SHAW and a. *vs.* SPOONER.

Certain creditors, in Massachusetts, having charged one of their debtors, who was then residing in this state, with the crime of obtaining goods by false pretences; and having obtained a requisition from the governor of Massachusetts, and an order from the governor of this state, for his arrest and delivery; caused him to be arrested and detained, under that process, until he paid and secured half the debts, and gave his own notes for the other half, and paid the expenses of procuring the arrest. In an action upon one of the notes thus given—*held*, that if the process by which the defendant was arrested was made use of in any manner to compel the execution of the notes, or if it was any part of the consideration, upon which the settlement was made, that the prosecution should be discontinued, in such case the note was void,

ASSUMPSIT, on a promissory note, dated the 15th of November, 1836, for the sum of $436.91, payable to the plaintiffs, or their order, at the city of Boston, in Massachusetts, on demand and interest.

The defendant admitted the making of the note, but contended that it was illegally obtained, and void.

It appeared in evidence that Earl Shaw, who resides in Boston, and is one of the plaintiffs in this suit, came into this state, on his own account, and as agent for certain other persons, merchants, doing business in Boston, with a requisition from the governor of the commonwealth of Massachusetts upon the executive of this state, for the delivery of the defendant, who was charged with the crime of obtaining goods by false pretences, and was represented as being a fugitive from the justice of Massachusetts—that said Shaw obtained

from the governor of this state an order for the arrest and delivery of the defendant to one James Pierce, who was appointed agent by the governor of Massachusetts to receive him—that said Shaw and Pierce came to Franconia, with said order, and delivered the same to a deputy sheriff of this county, and directed him to arrest the defendant ; which arrest was made at Franconia, and the defendant was delivered to said Pierce, and due return made on the back of said order of such arrest and delivery.

The said Shaw and Pierce then took the defendant with them to Littleton ; and while on the way, or after their arrival at Littleton, caused the defendant to be hand-cuffed.

It appeared in evidence that the claims of the plaintiffs and the other persons represented by said Shaw amounted to $2583.76 ; and while the defendant was so held under arrest at Littleton, it was agreed between him and said Shaw, that the defendant should pay one half of the amount in cash, and by a note of his father for $400, payable in a few days, and give his own notes for the other half of the several debts ; and should turn out a watch and surtout, and give an order upon certain persons in Massachusetts for about $60, in payment of the costs and expenses of said Shaw, in coming from Boston and procuring his arrest ; and upon this being done, that the defendant should be set at liberty. A settlement was made upon these terms, and Shaw informed the defendant, that if he would come to Boston the creditors would assist him in getting into business, and would engage that nobody should trouble him.

The note in suit is one of the notes then given by the defendant.

There was evidence that the defendant's father expressed himself satisfied, and said he was glad it had terminated so favorably, and that the defendant also stated that he was satisfied with the settlement.

The court instructed the jury, that if the process by which the defendant was arrested was made use of in any manner

to compel the procurement of this note, or if it was any part of the consideration of the settlement on which the note was given, that said process should be discontinued and the defendant released ; in such case the note was void, and they should find for the defendant.

On such instruction being given, it was agreed that a verdict should be taken for the defendant, to be subject to an exception to the direction aforesaid ; and the plaintiff moves that said verdict be set aside, and a new trial granted, for misdirection.

*C. Ainsworth*, and *Bartlett*, for the plaintiff, cited 16 *East* 293 ; 1 *D. & E.* 266 ; 4 *ditto* 316 ; *ditto* 809 ; 11 *East* 46.

*Bell*, and *Goodall & Woods*, for the defendant.

PARKER, C. J. We are of opinion that the instructions of the court to the jury were entirely correct. Certain individuals, in Massachusetts, who were creditors of the defendant, had made complaint, in that commonwealth, in substance, that the goods which they sold were obtained by him by false pretences, and not in the ordinary course of fair mercantile dealing. Obtaining goods by false pretences is, by the laws of that state, a crime ; and the complaint was, or ought to have been, intended as a means of bringing the defendant to justice, and causing him to be punished for that crime ; and not as a means by which the more effectually to enforce the collection of their debts. It was only upon the ground that a crime had been committed, which ought to be punished, that they obtained a requisition from the governor of Massachusetts, upon the executive of this state, for the arrest and delivery of the defendant ; and it was only upon the same ground, that an order was made for that purpose, in compliance with that requisition. The governor of Massachusetts would not have issued such a requisition to enable the creditors to effect a better settlement with their debtor ;

nor would the governor of this state have issued an order, for the arrest and delivery of the defendant to an officer of the commonwealth of Massachusets, for any such purpose.

The course and duty of Shaw, the creditor, and agent, was, then, a very plain one. Having thus procured the arrest, he should have taken the defendant to Massachusetts, and have caused him to be there arraigned, and tried for the alleged offence. For no other purpose had he the right to arrest him in the manner in which it was done.

If, instead of this, he caused the defendant to be arrested, and made use of the process in any manner to compel the defendant to settle, or give the note now in suit, that was a use of the process wholly unauthorized by law, and the note thus procured is void. 3 *N. H. Rep.* 508, *Richardson* vs. *Duncan ; Bull. N. P.* 172 ; *Com. Dig. Pleader*, 2 *W.* 19. Indictments and handcuffs furnish very cogent reasons for settlements, when used for that purpose.

Or if, having thus arrested the defendant, it formed any part of the consideration upon which the settlement was afterwards made, and the note given, that the process should be discontinued, and the defendant released from arrest, such consideration was illegal, and the note therefore void. 5 *N. H. Rep.* 553, *Plumer* vs. *Smith ;* 6 *ditto* 229, *Hinds* vs. *Chamberlain, and cases there cited.*

It must be distinctly understood that it is wholly illegal to use the criminal process of the state to extort money, or even compel the payment of debts. It was not provided for any such purpose. If a creditor is desirous of collecting a demand, lawfully due to him, the laws have provided remedies deemed by the legislature suitable and competent for that purpose. If, instead of a resort to such remedies, he attempts to pervert the criminal process of the state, and make it subservient to that object, he may, in thus depriving his debtor of his liberty, make himself liable to damages, and in some instances endanger his own. 16 *Mass. R.* 91, *Commonwealth* vs. *Pease.* *Judgment for the defendant.*