# CHESHIRE,

## JULY TERM, A. D. 1840.

## ALEXANDER *vs.* PIERCE.

Under the statute of July 5, 1834, a warrant against a private in the militia, for the collection of a fine, imposed for refractory conduct, while on duty, could not lawfully be issued until the expiration of fifteen days after the day upon which the fine was incurred.

In order to avoid an act, upon the ground that it was done under menace of imprisonment, it must appear that the menace was of an unlawful imprisonment, and that the party was put in fear of imprisonment, and thereby induced to do the act.

Where the captain of a militia company issued a warrant for the collection of a fine, at an earlier day than he was by law authorized to issue it, placed it in the hands of the clerk for service, and went with him to the place of abode of the soldier, where the clerk informed the latter, in the presence of the captain, that he must pay it or go to jail ; and the soldier thereupon borrowed the money of the captain for the purpose, and gave his note for the amount —*Held*, in an action to recover the note, that it must be submitted to a jury to determine whether this settlement was procured by the fear of imprisonment, with instructions that if it was so, the warrant being illegal, the note was void.

The court will not enforce an agreement for the rendition of judgment, on a case saved, where it is apparent that the merits of the case have not been fully tried ; but will discharge the case, and order a new trial.

ASSUMPSIT, upon a promissory note of the defendant, dated May 2, 1838, for $2·83, payable to Gardner Wheeler, or bearer, on demand.

The action was commenced before a justice of the peace, and was carried by appeal to the court of common pleas. On the trial there it appeared that the plaintiff, at the time, and before, the note was executed, was captain of a company of infantry, in the sixth regiment, in which the defendant was a private. At a company training of said company, on the 1st day of May, the defendant, for being refractory and dis-

Alexander *v.* Pierce.

obedient on parade, was ordered to pay a fine of $2·00; and on the second of May the plaintiff issued his warrant for the collection of the fine, and committed the same to said Wheeler, who was clerk of the company; and they proceeded together, for the purpose of collecting it.

The defendant was at work in his field. Wheeler told the defendant that he had come to collect a fine of him, and the plaintiff read the warrant. Wheeler told him he must pay it or go to jail, and that he could not wait; but no arrest was made. The defendant thereupon borrowed the money of the plaintiff, and handed it to Wheeler; and the plaintiff took the note in controversy, of the defendant, for the money so borrowed, being the amount of the fine and the costs taxed on the warrant.

The defendant contended that the warrant was illegally issued, and the note obtained by duress.

A verdict was taken, by consent, for the plaintiff, judgment to be entered thereon, or the verdict set aside and judgment entered for the defendant, according to the opinion of this court upon the foregoing case.

*Mead & Wilson*, for the plaintiff.

*Edwards & Chamberlain*, for the defendant.

PARKER, C. J. The first question which arises in this case is, whether the warrant was lawfully issued.

The statute of January 3, 1829, enacted, that if any non-commissioned officer or private should be guilty of any offence which by the act was punishable by fine, it should be the duty of the clerk of the company to which the offender belonged, after the expiration of fifteen days, and within sixty days, to exhibit a complaint to some justice of the peace, who was thereupon required to issue a summons, which was to be served upon the respondent at least seven days before the day of trial. If judgment was rendered against him, and no appeal

was taken, and he neglected for the space of two days to pay the fine and cost, an execution might be issued. *N. H. Laws* 414. By the same act a non-commissioned officer or private, who was refractory or disobedient while on duty at any regimental muster or company training, was made liable to a fine of two dollars.

The 4th section of the statute of July 6, 1833, provided that all fines for non-appearance, or deficiency of equipments, incurred under any act, of which a record should have been made, should be levied by distress and the sale of the delinquent's goods, &c., by warrant under the hand and seal of the captain, or commanding officer ; and the 5th enacted, that no such warrant should be issued after sixty days should have elapsed, nor until fifteen days after the day upon which any fine might be incurred, that the delinquent might have time to make his excuse, if he had any. The 6th and 7th sections prescribed the form of the warrant, and designated the appropriation of the fine.

By the subsequent act of July 5, 1834, if any non-commissioned officer or private should prove refractory or disobedient, &c., he was to pay a fine of two dollars for each offence, to be collected and appropriated in the same manner as was provided for the collection and appropriation of fines by the 4th, 5th, 6th and 7th sections of the act of 1833. Fines for refractory conduct and disobedience, are, by this last provision, to be collected in the " same manner" as fines for non-appearance and deficiency of equipment ; and we are of opinion that this applies to, and includes the time in which the warrant is to be issued, as well as the mode in which it is afterwards to be executed. Were it otherwise, it would be in the power of the captain to issue his warrant for the collection forthwith, which is contrary to the usual course of our law.

If it be supposed that it is not probable the defendant could have offered an excuse which would have been accepted, the captain having imposed a fine upon his own view, or upon

Alexander *v.* Pierce.

satisfactory evidence—still the defendant might have paid the fine within the fifteen days ; and this is one of the reasons for the delay, mentioned in the statute of 1829. The warrant, therefore, was illegally issued.

The next question is, whether the settlement was procured by duress. The case finds that there was no arrest. There was no actual force imposed upon the defendant. But this is not necessary in order to constitute duress. There may be duress by menaces, if they are of a character to operate as a compulsion, and to put the party under sufficient restraint.

The books are not very clear as to what amounts to duress by menaces. A passage in Blackstone would lead to the inference, that in order to constitute duress, *per minas*, there must be a threat causing fear of loss of life or limb. 1 *Black. Com.* 131. But Coke (2 *Inst.* 483) says, " a man shall avoid his deed for manuas of imprisonment, albeit he were never imprisoned : for a man shall avoid his own act for manuas in four cases, viz. : 1, For fear of losse of life ; 2, of losse of member ; 3, of mayhem ; and 4, of imprisonment ; otherwise it is for fear of battery, which may be very light ; or for burning of his houses, or taking away or destroying of his goods, or the like, for there he may have satisfaction by recovery of damages."

It is not necessary, at this time, to consider the propriety of the distinction made between a threat of imprisonment, and of a battery, &c.

But it is not sufficient, in order to avoid an act done, that a threat of imprisonment was made at the time when the act was done. If an individual, having a legal demand against another, should call upon him for payment, and in the course of urging him to comply with his obligation, should tell him that if he did not pay the debt he would send him to prison ; and he should thereupon make payment ; the money could not be recovered back on account of this menace. 3 *N. H. Rep.* 508, *Richardson* vs. *Duncan.* If, having a demand, not due, he should call upon his debtor for

security, and threaten that if he did not give a note, with a surety, he would procure process, and have him imprisoned, this might or might not be a case of duress.

A party may be menaced with lawful imprisonment, and his act be binding. He may be menaced with unlawful imprisonment, and still act voluntarily, without regard to such menace, but for other reasons.

In order to avoid the act on the ground of menaces of imprisonment, it must appear that the menace was of an unlawful imprisonment, and that the party was put in fear of imprisonment by the menace, and induced by reason of the fear to do the act.

In this case, the warrant having unlawfully issued, the declaration to the defendant, that he must pay or go to jail (by which it was to be fairly understood that he was to be committed on that warrant,) may be regarded as a menace of an unlawful imprisonment. But it does not necessarily follow that he settled in consequence of this. A fine had been assessed against him, as he well knew. It was in the power of the captain, at the expiration of fifteen days, to issue a legal warrant and collect the fine, unless it was paid before that time. The defendant could not prevent this. And he may have been induced to settle, from these considerations and others connected with them, and not because he had any fear of being imprisoned on the warrant. He might, perhaps, have claimed the right to pay the fine only, without paying fees on the warrant; but the fees amounted to a small sum only, and he may have chosen to borrow the money, and pay that, rather than have farther contention; and afterwards, upon the suggestion of others, he may have changed this purpose. Or he may have been put in fear of an immediate imprisonment, and settled under the influence of this fear. How this is, must be submitted to the jury. It is a fact we cannot infer from what is found by the case before us.

As to the fact that the money was borrowed, we think that

Alexander *v.* Pierce.

makes no difference. If the plaintiff had been in no way connected with the issuing of the warrant, and the declaration that the defendant must pay or be committed; it would be a sufficient answer for him to show that the note was given for a loan of money, to pay a demand which he had no reason to suppose was illegal. But if there was duress, he must be regarded as a party to it. He unlawfully issued the warrant which was exhibited on the occasion. He was present with the clerk, and heard what was said. It is not a sufficient answer for him to allege that he loaned the money to the defendant, to enable him to extricate himself from an unlawful arrest made by his command; or from a duress by menaces of imprisonment, and a putting in fear, occasioned by the exhibition of his unlawful warrant, and a threat of executing it, which he stood by and witnessed.

The question is, was the defendant put in fear of an unlawful imprisonment, and did he settle and give the note, or borrow the money and give the note, in consequence of that fear?

The case comes up under an agreement by which the court are authorized, if the verdict is not sustained, to enter judgment for the defendant. But we do not enforce agreements of this character, where it is apparent that the merits of the case have not been tried. We shall, therefore, set aside the verdict, discharge the case, and send the action to the common pleas, for a

*New trial.*