## Burnham & a. *vs.* Spooner.

If a settlement of an account for goods sold, is procured by duress of imprisonment, a note of the debtor being received in part payment, with property in satisfaction of costs alleged to have been incurred; and the debtor afterwards avoids the note on account of the duress; the creditor may maintain an action on the account, to recover the balance due, without returning the property; and this notwithstanding the action was commenced before the debtor elected to avoid the note.

Assumpsit, upon a promissory note of the defendant, dated November 15, 1836, payable to the plaintiffs, or order, on demand and interest, for $392·02; also upon an account annexed, for goods sold—balance due $393·02.

On the trial it appeared, that at several times, in the year 1836, the defendant purchased of the plaintiffs, who were merchants in Boston, bills of goods, amounting in the whole to $786·05. The defendant was then resident in Chelsea,

Massachusetts, but left that place, and came to Franconia, in this state, the same year.

After this, the plaintiffs, and other persons who had sold goods to the defendant, caused a prosecution to be instituted against him, for obtaining goods on false pretences; and, upon the requisition of the governor of Massachusetts, procured from the governor of this state a warrant for his arrest, in order that he might be taken to Massachusetts, for trial.

On this warrant the defendant was arrested on the 14th of November, hand-cuffed, and taken to Littleton, where on the 15th, while he was thus held as a prisoner, it was agreed by the agent of the creditors that the business should be settled, and the prosecution dropped, on the defendant's paying and securing fifty per cent. of the debts, and the expenses which had been incurred, and giving his notes for the other fifty per cent. of the demands. In pursuance of this agreement the defendant paid and secured, by his father's note, fifty per cent. of the plaintiffs' demand, which is credited on the account sued; gave the note in question, for the other fifty per cent.; turned out some property to pay the costs; and was thereupon liberated.

The defendant contended, that on this evidence the plaintiffs could not sustain the action, either upon the note or the account.

The court directed the jury that the defendant had a right to avoid the note; but that they might render a verdict for the plaintiffs on the account annexed, for the balance of which the note was given, notwithstanding the plaintiffs had not returned the money and other property thus procured by the arrest of the defendant.

The jury having returned a verdict for the plaintiffs, the defendant excepted to the foregoing direction.

*Woods*, (with whom was *Bell & Goodall*,) for the defendant. If the plaintiffs would rescind the contract, they must rescind the whole, and return the property. *Com. on Con.* 50;

5 *East* 449; *Long on Sales* 39; 7 *D. & E.* 181; 2 *Kent's Com.* 376; 4 *Mass. R.* 502.

If this account has once been paid by the note, the avoidance of the note cannot revive it. 6 *Cranch R.* 253, *Sheehy* vs. *Mandeville.*

Where a negotiable note is taken, whether as a payment or otherwise, the party cannot insist on a recovery upon the original demand, without producing and cancelling the note. 1 *Johns. R.* 36, *Holmes* vs. *DeCamp;* 8 *Cowen's R.* 77, *Hughes* vs. *Wheeler;* 15 *Johns. R.* 247, *Burdick* vs. *Green;* 8 *Johns. R.* 145; 10 *Johns. R.* 105.

The avoidance of the note is but the legal result of the illegal act of the plaintiffs.

The court should have submitted to the jury the question whether the note was received in satisfaction or not. 9 *Johns.* 310, *Johnson* vs. *Weed;* 1 *Ditto* 34; 10 *Ditto* 104, *Pintard* vs. *Tackington;* 3 *Stark. Ev.* 1089, *n.* 1; 6 *Mass. R.* 143, *Maneely* vs. *McGee;* 5 *Mass. R.* 299, *Thacher* vs. *Dinsmore;* 10 *Mass. R.* 47, *Chapman* vs. *Durant.*

The note was not void, but merely voidable. 2 *Stark. Ev.* 481; *Com. Dig., Pleader* W. 19; 1 *Phil. Ev.* 128; *Long on Sales* 26; 13 *Mass. R.* 374, *Worcester* vs. *Eaton.* At the time of the commencement of this suit, the note had validity. The original assumpsit, if revived, was not so until after this suit was commenced. It was not revived until the note was avoided.

*Ainsworth,* (with whom was *Bartlett,*) for the plaintiffs. It is a well settled principle of law, that the giving of a promissory note does not merge the original demand; and where a note is given, the plaintiff may sue on the common counts, and prove the original consideration, if on trial he accounts for the note, or shows it to be void. *Chitty on Bills,* (7 *Ed.*) 363; 7 *T. R,* 241; 1 *East* 58; 4 *Esp. R.* 7; 1 *Esp. R.* 245; 10 *Vesey's R.* 206; 2 *B. & P.* 518; 3 *M. & S.* 362; *Chitty on Bills* 95, 100.

Burnham *v.* Spooner.

So where the note is void for not being duly stamped, or for fraud, the plaintiff may immediately sue the party on his original liability. *Chitty on Bills* 363; *Ditto* 95.

In general, a bill or note is no satisfaction of any debt or demand for which it is given, but is only *prima facie* evidence of payment. 2 *Stark. Ev.* 184, (5 *Amer. Ed.;*) *Chitty on Bills* 364; *Bayley on Bills* 265; 2 *Pick. R.* 204; *Chitty on Con.* 283, *note;* 5 *T. R.* 513.

So if the note of a third person be given for goods, and is, upon a fraudulent misrepresentation, agreed to be received as an absolute payment at the risk of the vendor, the vendor may immediately bring an action for goods sold. 6 *Johns. R.* 110.

A void note given to balance an account is no satisfaction. 3 *N. H. Rep.* 348, *McCrillis* vs. *How, and cases cited.*

The fifty per cent. of the plaintiffs' debt was received by the agent of the plaintiffs, which the law authorized him to do; and the taking of the money being a legal act of the agent, is a separate and binding contract on the part of the defendant; and being a legal and separate part of the transaction, is valid, and cannot be avoided by the defendant, although he may avoid the note as an illegal transaction.

An agent cannot receive a bill of exchange, or note, in payment, unless authorized so to do. *Chitty on Con.* 283; 2 *Ld. Raym.* 928; 2 *Salk.* 422; 1 *Holt's N. P.* 278.

If a party receive, in payment for goods sold, counterfeit notes, or other notes which prove of no value, it is not a payment, although the debtor paid them *bona fide,* supposing them to be valid; unless the vendor took upon himself expressly the risk of the forgery. 2 *Johns. R.* 45; 6 *Mass. R.* 321, *Ellis* vs. *Wild;* 15 *Johns R.* 241, *Breed* vs. *Cook.*

A negotiable note is not an absolute extinguishment of a debt, but only *sub modo.* It is only evidence under the general issue, and the effect of such evidence may be destroyed by producing and cancelling the note on trial. 8 *Cowen* 77, *Hughes* vs. *Wheeler;* 6 *Cranch* 253, *Sheehy* vs. *Mandeville.*

There is another class of cases which come under the same rule of law, where the note or security has been lost. The original consideration may be proved to support the common counts. *Chitty on Bills* 147–157, *and cases cited.*

So of notes given under duress; if the original consideration is good, which is this case at bar. *Chitty on Bills* 68, *and note;* 1 *Camp.* 100.

PARKER, C. J. The plaintiffs having procured leave to amend their declaration, in anticipation of the defence which might be set up against their claim upon the note, (*ante* 165,) the question now made is, whether they can recover in this suit upon their original demand, which is the subject of the new count, introduced by the amendment.

There was a lawful debt due from the defendant to the plaintiffs. This is not disputed. While this existed, an arrangement was made between them, by which the plaintiffs received the note of a third person for part, and the note of the defendant for the residue, with certain property in payment of costs, and discontinued the criminal proceedings which have been instituted against the defendant.

It is not necessary to enquire whether, in case the settlement had been voluntary on the part of the defendant, and without any illegality attending it, the transaction would not have operated as a payment and discharge of the account for the goods sold, so that the plaintiffs could afterwards have sustained no action upon it. The promissory note of the party is not always a discharge of a precedent debt for which it is executed. *Ante* 505, *Jaffrey* vs. *Cornish.* For the purposes of this case, it may be assumed that such would have been the intention of the parties, and the operation of the transaction, had the settlement been made fairly, without any coercion, or misuse of criminal process.

But it appears that this arrangement was procured by duress of the defendant. He had the right to refuse to be bound by that settlement, (9 *N. H. Rep.* 200,) and he has

Burnham *v.* Spooner.

elected to avoid it, by setting up the facts in defence of the note. When thus avoided, it becomes an entire nullity. It has no validity whatever against him, and it cannot, therefore, after that, in any way be binding on the plaintiffs.

The settlement being avoided, by reason of its illegality, has no operation to discharge the original demand; and the plaintiffs' cause of action upon that is not revived by the subsequent avoidance of the note, but the note being now a nullity, so much of the plaintiffs' account has never been legally settled. It is, in this respect, as if those proceedings had never taken place. The plaintiffs' debt is not to be considered as having once been paid, and afterwards restored by a revocation of that payment, but the settlement being avoided by the defendant, there has been no payment, and the original cause of action has existed from the beginning. 6 *D. & E.* 52, *Puckford* vs. *Maxwell;* 1 *N. H. Rep.* 282, *Wright* vs. *First Crockery Ware Company;* 3 *N. H. Rep.* 348, *Mc-Crillis* vs. *How.*

The objection, therefore, that this suit was commenced when no right of action existed on the account, cannot be maintained. The defendant cannot allege that the settlement was illegal, being procured by duress, but legal to extinguish the plaintiffs' original demand, for a time, until he saw fit to revive it again by his election to avoid the note.

But it is farther objected, that the plaintiffs cannot maintain an action, until they return the property received upon that settlement.

If the plaintiffs, upon the facts existing in this case, might, upon their own motion, have avoided this settlement, on account of its illegality, and because it was procured by an agent who had no authority for the purpose, and they had done so, the case would have presented a different aspect. We are inclined to think the defendant, in a case of that character, would be entitled to say that the plaintiffs could not avoid a settlement by which he was willing to be bound, and maintain a suit upon the original demand, until they had

placed him back in the situation he was before—that they should not hold his property and money, and still treat the transaction by which they received them as nugatory.

But the defendant made the election to avoid what had been done. He cannot add to that election a condition that the plaintiffs shall return the property received, before they sustain a suit on their claim, which, as the case now stands, has never been discharged. The avoidance being on his part, their right of action is not impaired by the fact that they have unlawfully received some of his property; and he must take his remedy for the duress, and for the recovery of the property, by an action for that purpose.

*Judgment for the plaintiffs.*