# MERRIMACK,

## JULY TERM, A. D. 1843.

### GREENLEAF & a. *vs*. BURBANK.

The declaration alleged that the defendant and one E., now deceased, being part-
ners, were jointly indebted to the plaintiff, on account, for goods sold,—that the
plaintiff received the note of E., and discharged and settled the account against
the firm,—that E. died, and the plaintiff thereupon presented the note of E. to
the defendant, as surviving partner, who promised to pay the same, but had
neglected.—*Held*, that the gravamen of the action was a neglect by the defend-
ant to perform a verbal promise to pay the debt of E.,—that no sufficient con-
sideration was alleged,—and that the case as stated was within the statute of
frauds.

But the evidence tending to show that the note of E. might not have been received
in discharge of the debt of the partnership, the plaintiff had leave to amend.

ASSUMPSIT. The declaration stated that the defendant
and one E. G. Eastman, now deceased, were on the 1st of
April, 1837, jointly indebted to the plaintiff in the sum of
$25, for goods before that time delivered to said Eastman &
Burbank, they being partners in the lumbering business, and
said goods being delivered on account of and for the bene-
fit of said firm ; and the plaintiffs on the 5th of May, 1837,
received the note of Eastman for the goods, and discharged
and settled the account against the firm ; and afterwards, on
the 1st of December, 1837, Eastman died, and the plaintiffs
presented Eastman's note to the defendant, as surviving part-
ner, and the defendant promised to pay the same, but had
neglected so to do.

It appeared, on the trial, from the testimony of a clerk in
the employ of the plaintiffs, that in 1837 he made a sale of
goods to Eastman,—that Eastman wanted to get a barrel of

pork for the lumber company, composed of the defendant and Eastman, which the witness sold, and asked Eastman how he should make out the note,—that Eastman then stated the time when he should pay, and said he might make out the note in his name, which was done,—that the company were then carrying on the lumbering business,—that about the time spoken of by Eastman for the payment, the defendant was at the plaintiff's store, spoke of the note, said he knew it was given for the company's use, and he would pay it, and that he had promised Eastman he would pay it. This was about August, 1837, and Eastman then had property and was reputed to be solvent, but died in the fall of the same year. The witness farther testified, that in the spring of 1838 he had another conversation with the defendant respecting the note,—that the defendant then said he did not know as he should pay it ; but on the witness expressing surprise, and informing him that he had reported his former promise to the plaintiffs, and they were satisfied, the defendant finally said he would pay the note, he had agreed to do it. He farther testified that the plaintiffs had delayed presenting it as a claim against the estate of Eastman.

The defendant contended that, on this evidence, the credit was given to Eastman, and not to the company, and that the action could not be maintained.

A verdict was taken for the plaintiffs, by consent, judgment to be rendered thereon, or the verdict set aside and judgment rendered for the defendant, according to the opinion of this court upon the foregoing case.

*Perley,* for the defendant. The declaration states an original liability of the firm, and a discharge of it by taking the note of Eastman. *Bevan* vs. *Lewis,* 1 *Simons* 376, shows that taking the note of one partner is a discharge.

There is, then, no consideration for the defendant's promise, and this exception may be taken in arrest. 4 *East* 464, *Jones* vs. *Ashburnham ; 7 D. & E.* 348.

---

Greenleaf *v.* Burbank.

---

The declaration does not state any good cause of action. It states a discharge, and relies upon a promise of the defendant, made subsequently, for which no consideration is alleged. The declaration is not for goods sold, nor on the note. The promise is collateral to the sale of the goods and the making of the note.

There is no variance between the declaration and the proof. The original bargain was for a note of Eastman. There is no evidence of a liability of the firm. Eastman said he wanted goods for the use of the firm, and said he would give his note. The goods might well be for the use of the firm, but be purchased on Eastman's credit.

*Nesmith*, for the plaintiffs. The case finds that the note was given for the use of the partnership, or for goods which went to the use of the partnership, and that the defendant, knowing that fact, promised to pay. This is sufficient. *Hammond on Parties to Actions* 62. If a person for whose benefit a note has been given, but who is not a party to it, promise to pay the holder, the prior equitable or moral obligation is a sufficient consideration. 2 *Caines' R.* 151, *Stewart* vs. *Eden ; Cowper* 294, *cited.*

There is a past consideration for the benefit of the defendant, and to which he afterwards assents. This is sufficient to maintain the action.

Two attorneys were in partnership. One received money to be laid out on mortgage, and gave a separate note. The other was held liable as surviving partner. 2 *Cowper* 814, *Willet* vs. *Chambers.* We refer, also, to 11 *Pick.* 400, *Cady* vs. *Shepherd ;* 12 *Pick.* 430, *Woodward* vs. *Winship ;* 9 *Pick.* 272, *Etheridge* vs. *Binney.*

It has been held that a person, having funds in his hands, and promising to pay the debt of another, is liable. 3 *Har. & McHenry* 451, *Raymer* vs. *Sim,* cited 2 *Stark. Ev.* 596.

A master is liable for the contracts of his servant, where the consideration comes to his use, and he has not paid an

equivalent for it.  1 *Ld. Raym.* 224, *Bolton* vs. *Hillersden.*

If this was solely the contract of Eastman, and one with which the defendant had nothing to do originally, the plaintiff forbore to present the claim against Eastman's estate, which was an injury to the plaintiff, and furnishes a sufficient consideration to sustain an action on the defendant's promise.  *Underhill* vs. *Gibson,* 2 *N. H. Rep.* 352.

PARKER, C. J.  The declaration sets forth divers facts, and the plaintiffs ask to sustain their suit upon several different grounds.  It may, perhaps, facilitate our investigations, to enquire, in the first place, what is the gravamen of the action.

The declaration states that the defendant and one E. G. Eastman, now deceased, were, on the first of April, 1837, jointly indebted to the plaintiffs in the sum of $25, for goods before that time delivered to them, they being partners, and the goods having been delivered on account of and for the benefit of the firm.  But it does not allege that in consideration of that indebtedness they promised to pay, nor attempt to charge them upon the account, or for goods sold.  On the contrary, it proceeds to aver that on the fifth of May, 1837, they received the note of Eastman for the goods, and discharged and settled the account against the firm.  It is not alleged that Eastman gave a partnership note in his own name, or that the note was the note of the defendant, or contained his promise, or was intended to bind him.  The gravamen, then, is not that this was the note of the defendant, and that he has neglected to perform the promise contained in it.  So far as the facts upon this part of the case are set forth, it appears that the sole note of Eastman was received in payment and discharge of the debt of the firm ; and, if so, the previous liability of the defendant upon the account was thereby terminated.  The plaintiffs might settle the account, receiving Eastman's note in payment, if they saw fit, and thereby discharge the defendant.

The declaration then alleges, that on the first of December, 1837, Eastman died, and the plaintiffs presented Eastman's note to the defendant, as surviving partner, and the defendant promised to pay the same, which he has neglected to do. The allegation that it was presented to him as surviving partner, does not imply that it was a partnership note. It is described in the same sentence as Eastman's note. The action then is founded upon a promise of the defendant to pay the note of Eastman, which is alleged, substantially, to be the debt of Eastman, and which may well have been his debt, notwithstanding it had its origin in a debt for the payment of which the defendant was once liable as a partner.

In this view of the case, there can be no question that the plaintiffs cannot sustain their action. There is no sufficient consideration for this promise of the defendant, moral or legal. The fact that the defendant was formerly liable, constituted no moral reason why he should pay, if the plaintiffs had received the sole note of Eastman in payment and discharge of the account. And Eastman's subsequent decease would not make the case any stronger in this respect.

The case as stated in the declaration is clearly within the statute of frauds, notwithstanding the averment respecting the origin of the debt.

It has been argued that the plaintiffs forbore to present the note as a claim against the estate of Eastman, in consequence of the promise of the defendant to pay it. But nothing of that is stated in the declaration, nor would it have availed had the declaration proceeded to state, as a part of the history of the case, that after the defendant promised to pay the note the plaintiffs forbore to present it as a claim against Eastman's estate. Had the declaration alleged that the defendant, in consideration that the plaintiffs would forbear to collect the debt of Eastman's estate, promised to pay, with an averment of actual forbearance, it would have presented a different cause of action; but there is no evidence stated which would have sustained it.

Greenleaf *v.* Burbank.

According to the agreement under which the verdict was taken, it must be set aside. But as there is some evidence tending to show that the note of Eastman was not in fact received as payment, and that the defendant may either be liable on the account, upon the ground that the note was not agreed to be so received, ( 10 *N. H. Rep.* 505, *Jaffrey* vs. *Cornish ;* 15 *Wend. R.* 498, *Rathbone* vs. *Tucker,*) or that the note may be treated as a partnership note, notwithstanding it is subscribed with the name of Eastman alone ; instead of rendering judgment for the defendant, the plaintiffs may have leave to amend their declaration, if they believe they can make a better case.    10 *N. H. Rep.* 499, *Alexander* vs. *Pierce.*

*Verdict set aside, and leave to amend.*