## BRECK *v.* BLANCHARD & *a.*

A plea, alleging payment of the amount due upon an execution by a third person, or generally, without saying by whom, is insufficient to show the execution discharged, unless it is alleged that the payment was in satisfaction or discharge of the execution.

A replication to a plea of justification under legal process, that the plaintiff was detained in prison until he paid other money than that for which the process issued, or submitted to other conditions against his will, is a good answer to the plea.

Such a replication in trespass for false imprisonment is not a departure, since, if true, it supports the declaration.

An abuse of process against the person to compel a party to do any act against his will, is a duress, and the act done may be avoided.

TRESPASS. The plaintiff's declaration contained two counts. In the first, it was alleged, that " the defendants on &c., at &c., assaulted and imprisoned the plaintiff, until they compelled him, to gain his liberty, to pay $309.08," &c. ; and in the second, it was alleged, that " the defendants on &c., at &c., assaulted and imprisoned the plaintiff twenty-two days, without any lawful or probable cause, whereby the plaintiff was injured, &c., and, to gain his liberty, was compelled to pay $271.53, and was compelled to submit to arbitration certain demands, &c., by which he was compelled to pay the further sum of $37.55," &c.

The defendants, by their second plea to both counts, say *actio non*, because "At the Court of Common Pleas, &c., at Newport, &c., April, 1847, one S. H. Sabin recovered judgment against the plaintiffs, O. Powers and H. Stoddard, for $747.53 damages, and $55.90 costs, &c., as by the record, &c., and said S. H.

Breck *v.* Blanchard.

Sabin, on &c., sued out a writ of execution, &c., (set forth at length,) and said Sabin on the same day, for a valuable consideration, transferred and assigned said judgment and execution to H. Hubbard, and delivered him said execution, and said Hubbard on the same day, for a valuable consideration, transferred and assigned said judgment and execution to said Blanchard and one Blodgett, and said Blanchard, &c., being so possessed of said execution, before the return day, and before the alleged trespass, &c., delivered the same to &c., a deputy sheriff, &c., who, before the return thereof, at said time when, &c., by virtue of said execution, arrested the plaintiff and committed him to the jail at, &c., and left a copy, &c., and the keeper, &c., detained the plaintiff, till on, &c., the plaintiff, having paid to the defendants $309.08, he was by the defendants' consent discharged, &c., which is the same," &c.

The plaintiffs, under the statute, filed seven replications, to the 3d, 4th, and 7th of which the defendants demurred specially.

By the third, the plaintiff said *precludi non*, because " after the transfer and assignment of said judgment and execution by said Sabin to said Hubbard, in said plea mentioned, and before the return of said execution, and before the taking and detaining in said plea mentioned, to wit, at &c., on &c., said O. Powers and H. Stoddard, by the aid of said defendants, caused all the sums of money mentioned in the said judgment and execution, then due and owing, and all interest due thereon to be paid to said H. Hubbard, the creditor and assignee, &c.

By the fourth replication, because " all the money due and owing on said judgment, was paid to H. Hubbard, while he was creditor and assignee of said judgment, before the taking and detaining of the plaintiff, which the defendants well knew, &c.

The causes of demurrer assigned to these replications were,

1. They do not deny, nor confess and avoid the material matters of the plea.

2. They do not allege, that any thing was paid in satisfaction of the judgment.

3. They do not state the sums paid, nor by whom.

By the seventh replication, because " the plaintiff, after he was imprisoned in the jail at &c., and before his release from said imprisonment, on &c., being under duress of imprisonment, to obtain his release, &c., was compelled by said defendants, by means of said writ of execution, and by force, to pay, against his will to said Blanchard, &c., $34.55, which said Blanchard took of the plaintiff, other than the sums mentioned in said writ of execution, and sheriff's fees thereon, &c.

The causes of demurrer to this replication were,

1. It does not traverse, nor deny the material matters of the plea.

2. It departs from the original pleadings in a material point, is distinct from, and does not fortify the original complaint.

3. It is double, because it says the plaintiff was compelled to pay *by means of said writ* and *by force.*

4. It does not state what sum was paid on said execution, that the Court may judge if he was under duress or lawfully detained, it not appearing that said $34.55 was not part of the sum lawfully due on the execution.

*Cushing,* (with whom was *Metcalf,*) for the defendants.

I. The plea shows an execution, assigned to H. Hubbard by Sabin, the judgment creditor, and by Hubbard assigned to the defendant, Blanchard, and one Blodgett. The replication does not deny these facts or any other alleged in the plea; it does not avoid the effect of the plea, because it may be that the payment alleged in the replication was the price of the *assignment,* and it may be that the defendants, Blanchard and Blodgett, became the owners of the judgment at the request of the judgment debtors. That this would be perfectly lawful, see *Cheever* v. *Merrick,* 2 N. H. Rep. 377 ; *Taylor* v. *Huggins,* 3 East, 269 ; *Maxwell* v. *Jameson,* 2 Barn. & Ald. 52 ; *Bunker* v. *Hodgdon,* 7 N. H. Rep. 263.

It is a universally admitted principle, that when a plea presents " two different meanings, that construction shall be adopted which is most unfavorable to the party pleading." See Stephen on Pleading, Sect. V. Rule 2d. Applying this rule, the mean-

26 *

ing of the replication would be, that Blanchard and Blodgett, at the request of the judgment debtors purchased the judgment. Can there be any doubt that it was perfectly competent for them to assist the judgment debtors in this way ? It is obvious, that the replication is not sufficiently certain to enable the defendants to meet it. These objections apply to the third, and seventh replications.

II. 1st. The seventh replication does not, in terms, deny any part of the plea. The declaration alleges that the defendants imprisoned the plaintiff, till he paid the sum of $309.08, and though stated in a different manner in the second count, it is still the same sum. The plea justifies by showing an imprisonment by virtue of an execution, amounting to $803.43, and alleges that this act is the supposed trespass alleged in the declaration. The replication does not deny any part of this plea. It therefore admits the execution to be outstanding, that it amounted to $803.43, that the plaintiff was lawfully imprisoned by virtue of the execution, and that on the payment of $309.08, he was discharged. By the law of New Hampshire, when the creditor, having his debtor in execution, consented to his discharge, that was an end of the execution. *Bunker* v. *Hodgdon*, 7 N. H. Rep. 263. The replication is, in this point of view, nugatory and unmeaning.

2d. The replication, without fortifying the original pleading, without alleging that any part of the sums mentioned in the declaration were lawfully collected, goes on to allege a new ground of complaint. This is bad.

III. The replication is *double* and contradictory, for it alleges that the wrong was effected by *means* of said writ of execution, that is, by the lawful use of it, and also by *force*.

IV. The replication alleges that the plaintiff was under duress, that is, unlawfully confined, but does not set forth with any certainty or distinctness, how he was under duress. It denies no part of the plea. It does not show any payment or tender of payment of the execution. It is obvious that so long as the plaintiff was lawfully imprisoned, the parties might compromise on any terms they could agree upon.

Breck *v.* Blanchard.

*Morse,* (with whom was *Freeman,*) for the plaintiff. The plaintiff in answer to the defendants' plea, has in his third and fourth replications, introduced new matter, alleging that all the money due and owing on the execution was paid to H. Hubbard, whilst he was the creditor, and before the taking of the plaintiff on the execution. This is a material allegation, direct and positive, which, if true, avoids the effect of the plea, and is all that need be stated. 1 Ch. Pl. 599.

In the seventh replication new matter is introduced, setting forth a fact which shows an abuse of the execution by the defendants, by using the same for the purpose of compelling the plaintiff to pay the defendants $34.55, other than the money he was authorized to collect on the execution, which made the defendants trespassers from the beginning, and avoids the plea. 1 Ch. Pl. 186; *Barrett* v. *White,* 3 N. H. Rep. 210; *State* v. *Moore,* 12 N. H. 42; *Allen* v. *Crofoot,* 5 Wendell, 506.

The statement of a fact, which shows an abuse of the execution, is no departure from the declaration, but supports and maintains it. 1 Ch. Pl. 622. The allegation in the replication "by means of said writ of execution and by force," only shows the manner and for what purpose the defendants used the execution, and is not two distinct answers to the plea, either of which might be traversed, and is therefore not double.

BELL, J. The third and fourth replications are substantially alike. They furnish no answer to the plea. They neither deny the material facts alleged, nor confess and avoid them, unless they can be considered as a substantial denial of that allegation in the plea on which the whole defence hinges, to wit, that the execution in favor of Sabin against the plaintiff was, during all the time the trespass is alleged to have been continued, in full force, and in no wise paid or satisfied.

To make a payment effectual to discharge a debt of any kind, it must be proved to have been made and received in discharge of the debt, and so as to extinguish it. *Fitch* v. *Sutton,* 5 East, 231; 1 Ch. Rep. 390. 2 Saund. Pl. and Ev. 716. And this fact it is equally necessary should appear, where the satisfaction

or discharge of the debt is the natural fact, and the payment is no otherwise material, than as it is one of the facts necessary to be shown to prove such satisfaction or discharge. Here, in one of the replications, it is alleged that " the plaintiff's co-debtors, with the aid of the defendants, caused all the sums of money, mentioned in said judgment and execution, then due and owing, with all interest, to be paid to said H. Hubbard, the creditor and assignee ; " and in the other, it is alleged, that " all the money due and owing on said judgment and execution, was paid to H. Hubbard, while he was creditor and assignee." In neither of these replications it is alleged that the money was paid in satisfaction or in discharge of the judgment or execution.

In the plea, it is alleged that H. Hubbard, for a valuable consideration, assigned this judgment and execution to the defendant, Blanchard, &c.

There is nothing alleged in the replication inconsistent with the supposition, that the defendant paid to Hubbard the money due on the execution, as the consideration of the assignment, which the replication tacitly admits to have been made, and that the money was paid with the view of obtaining a transfer of an existing judgment and execution, and not with the purpose of satisfying or discharging it. In the third replication, it is said that the plaintiff's co-debtors, with the aid of the defendants, caused all the sums of money mentioned in the judgment and execution, &c., to be paid to said Hubbard. These allegations would be proved by evidence, showing that the co-debtors procured their friends, the defendants, to pay to Mr. Hubbard the sums mentioned in the judgment and execution, &c., as the consideration of the assignment to them of the same judgment. In the fourth replication, the allegation is, that all the money due and owing on such judgment and execution was paid to Mr. Hubbard, while he was creditor and assignee, without saying by whom the money was paid, or for what purpose. This averment would be proved by evidence that the defendants paid the money to Hubbard as the consideration of his assignment of the judgment to them. Now it is a reasonable rule in the construction of pleadings, that where the language used is capable of

different meanings, or is in itself equivocal, it shall be construed most strongly against the party pleading it. 1 Ch. Pl. 522; *Wimbish* v. *Tailbois*, 1 Plowd. C. 46. Much more will language, used by a party in his pleadings, be restricted to its natural and obvious sense. Here the allegation is, that the money was paid. It might have been paid with different purposes. If it is understood that the payment was in satisfaction and discharge of the judgment, the pleading would be effectual, but if the payment was understood to be made for any other purpose, the replication would be bad. The allegation, that a certain sum of money was paid, or was procured or caused to be paid, does not naturally import any thing in regard to the purpose or object of the payment, and, without a manifest violation of the rule to which I have referred, it cannot be construed to mean *paid in satisfaction* and *discharge.*

The ordinary presumption is, that where a debtor pays to his creditor the amount of his debt, it is paid in satisfaction of the debt. And the plaintiff might with some plausibility claim the application of this presumption, if it had been alleged in his replications that the money was either paid by himself or by a co-debtor, who was equally bound with himself to pay it, but this is not done in either of them. In the third replication, it is alleged, that the plaintiff's co-debtors, with the aid of the defendants, caused all the sums of money mentioned in the judgment to be paid to H. Hubbard, the creditor and assignee, but this phraseology is also equivocal. If the meaning was, that they caused the money to be paid for them and on their account, in discharge of their debt, then the plaintiff was authorized to aver, and the rules of good pleading required him to say, that his co-debtors paid the amount due on the judgment to Hubbard, who owned it, and he might then have asked the benefit of the presumption, that it was paid in discharge of the judgment. In the fourth replication, there is no room for any presumption, since it is merely alleged that the money was paid, without a word as to the person by whom or by whose procurement it was done, or on what account, or for what purpose it was done. Besides, the presumption to which I have referred, is rather a rule of evidence, than of the construction of pleadings.

The precedents, so far as we have found any, all, in one phrase or another, distinctly express the idea that the money was paid in satisfaction of the claim in question. And the pleader, who voluntarily departs from the usual forms, has no right to complain, if his new form is not understood to embrace any thing more than is naturally and necessarily implied in the language he uses. 2 Saund. Pl. & Ev. 713 ; 2 Ch. Pl. 473, 474.

The seventh replication denies none of the facts alleged in the second plea. They are therefore all confessed and admitted. Those facts show a perfect justification of the assault and imprisonment, for which the action is brought, under a valid judgment and execution. Is the effect of any of the facts, which go to make up this justification, avoided by the new facts brought forward by the replication ? These facts are, that after he was imprisoned, and before his release, being under duress of imprisonment, to obtain his release, he was compelled by Blanchard, by means of the writ of execution and by force, against his will to pay him $34.55, other than the sums mentioned in the execution, and sheriff's fees thereon.

Now these matters do or do not avoid the effect of the things alleged in the plea, just as it is or is not held, that an abuse of legal process to extort money, not due upon such process, makes the party, who is guilty of such abuse, a trespasser ab initio, or, in other words, deprives him of the protection the process would otherwise afford him.

It is now well settled, that where there is an arrest for a just cause and under lawful authority, for unlawful purposes, it may be construed a duress. Richardson v. Duncan, 3 N. H. Rep. 508 ; Severance v. Kimball, 8 N. H. Rep. 386. In the case of criminal process to remove a person, charged in Massachusetts with the crime of obtaining goods by false pretences, to that State for trial, it was held, that if the party caused the defendant to be arrested, and made use of the process in any manner to compel the defendant to settle, or give a note, that was a use of the process wholly unauthorized by law, and the note thus procured is void. Shaw v. Spooner, 9 N. H. Rep. 197. And the court in this case say, that it is wholly illegal to use the criminal pro-

cess of the State to extort money, or even to compel the payment of debts. It was not provided f,r iny such purpose. If a creditor is desirous of collecting a demand lawfully due to him, the laws have provided remedies deemed by the Legislature suitable and competent for that purpose. If, instead of a resort to such remedies, he at'.empts to pervert the criminal process of the State, and make it subservient to that object, he may, in thus depriving his debtor of his liberty, *make himself liable to damages*, and in some instances endanger his own. *Burnham* v. *Spencer*, 10 N. H. Rep. 532.

The last cited cases relate to the abuse of criminal process, but it seems very clear, that there is no distinction between civil and criminal process in this respect. The abuse of any process, either civil or criminal, to compel a party by imprisonment to· do any act, otherwise against his will, is e:.tirely illegal, and the act done may be avoided on the ground of duress.

The general rule is, that he who abuses an authority or license given by the law, shall be considered as a trespasser from the beginning. *Barrett* v. *White*, 3 N. H. Rep. 210 ; *State* v. *Moore*, 12 N. H. Rep. 42. The reason of the rule seems to be, that it would be contrary to sound public policy to permit a man to justify himself at all, under a license or authority allowed him by law, after he had abused such license or authority, and used it for improper purposes. In the first of these cases, it is held by the learned Chief Justice, that a man may become a trespasser, *ab initio*, not only by using an authority which the law has given him, for improper purposes, or by pushing the exercise of it beyond its due limits, but by exercising it in an illegal or improper manner, to the prejudice of another.

These authorities fully justify the conclusion, that if these defendants used the power of imprisonment, given them by the law for the collection of their judgment debt, to extort other money from the plaintiff, or to compel him to pay another debt, against his will, such abuse makes the imprisonment a duress, which will render every act done under it voidable, and makes the defendants trespassers from the beginning.

The seventh replication is therefore good in substance, and it

does not seem to be open to either of the other exceptions suggested by the demurrer. It is no departure from the declaration, since it but restates what the declaration alleges. The gist of the declaration is the wrongful arrest and imprisonment. The replication states facts, which show that notwithstanding the color of legal process, set up by the plea, the arrest and imprisonment were unlawful and tortious. The replication is not double, since it alleges a compulsion to pay other money by duress of imprisonment by virtue of the execution; the phrase "*by force*" being equivalent to "*forcibly*," and merely descriptive of the kind of compulsion.

*Judgment for the defendants upon the third and fourth replications, and for the plaintiff upon the seventh.*