NEWYORK,
May, 1816.

OLMSTED
v.
STEWART.

Judgment for the defendants.

---

### OLMSTED *against* C. STEWART.

Where A. delivers a promissory note to B., as agent of C , and A., at the same time, states to B. that there was not so much due C. as the amount of the note, to which statement B. makes no objection, and B., afterwards, as holder of the note, brings an action against A , A. will be allowed to show what was really due from him to C , and thus reduce the amount to be recovered by B., who does not stand in the situation of an innocent holder of a note, taking it before it becomes due, in a regular course of business.

IN ERROR, on *certiorari* to a justice's court.

The suit in the court below was on a promissory note executed by *Olmsted*, the defendant below, payable to *Enos Stewart*, or bearer. C. *Stewart*, the plaintiff below, as agent of *E. Stewart*, had presented an order on the defendant for the amount

of an account due *E. Stewart*, and for which it was alleged that the note in question was given. The defendant produced witnesses to prove that the order on which the note was obtained was a forgery; but the justice, from his own inspection, decided that the note was genuine. The defendant then offered to prove that when he gave the note he stated to the plaintiff that there was not as much due as he gave the note for; that he had mislaid his papers; that he would give the note, and let it lie until he could find his papers: and then offered to prove that there were only due *E. Stewart* 6 dollars and 80 cents, which he had tendered. The evidence was rejected, on the ground that the note became the property of the plaintiff before it fell due; and the justice gave judgment for the plaintiff below for the amount of the note.

*Per Curiam.* The judgment in this case is clearly against evidence, with respect to the handwriting of *Enos Stewart* to the order. Two witnesses swore that they did not believe it to be his writing; and that he uniformly wrote his name *Steward,* instead of *Stewart;* and the only evidence opposed to this was, the opinion of the justice from comparing this writing with other writing admitted to be genuine. Whether the judgment ought to be reversed, on this ground, may be questionable. But the testimony offered to show that there was not so much due *E. Stewart* as the amount of the note, ought to have been received. The plaintiff does not stand in the character of an innocent holder of a note, coming into his hands in the regular course of business, before it fell due. He took the note himself, and without making any objections to the statement made by the defendant; he must, therefore, be considered as receiving it subject to the examination to be made by the defendant, as to the state of the accounts between him and *E. Stewart.* The note must be deemed to have been given with this express understanding and reservation. If the note had not been taken by the plaintiff himself, it would have altered the case. The judgment must, therefore, be reversed.

Judgment reversed.