## ROGER E. PERKINS *versus* TIMOTHY CHALLIS.

A note given for a fraudulent, or without any consideration, if endorsed before due, cannot, in an action on it by a *bona fide* holder, be impeached by the maker, unless the holder at the time of the endorsement was notified of the invalidity of the note.
From what circumstances it is competent for the jury either to infer such notice, or to infer that the endorsement was not *bona fide*.

THIS was an action of *assumpsit*, on a note dated December 25th, 1814, for 125 dollars, in two years. It was made payable to *Amos A. Brewster*, or order, and by him endorsed to the plaintiff.

The defendant pleaded the general issue, and at the trial here, last April term, offered evidence that the plaintiff purchased the note at a considerable discount, though this appeared to have been some time before it became due; that, after a demand on the maker, seasonable notice was given to the endorser, who had agreed to indemnify the plaintiff in the prosecution of this action; and that the plaintiff, when he purchased the note, knew it was given for a machine called "The Farmer's Spinner."

The defendant then proposed to show that the patent for said machine was void, the machine itself of no value, and the statements which were made at the time of its sale, fraudulent. But as no direct evidence was offered that the plaintiff had any knowledge of these last facts; and as it was thought not competent for the jury to presume such knowledge from the facts before proved, the testimony was rejected, and a verdict returned for the plaintiff, subject to the future opinion of the court on the propriety of their directions.

At the present term that opinion was pronounced by

WOODBURY, J. It is well settled, as a general principle, that a note, though invalid between the original parties, is good in the hands of an endorsee.

The exceptions to this principle belong to two classes. In one of them the endorsee is not implicated or privy to the original transaction; and still the note cannot be recovered, because executed by fraud(1) or for some consideration, which statutes in express terms declare shall render the contract "void to all intents and purposes" (2.)

(1) 1 *Pow. C.* 31.—3 *Pere Wms.* 139.—3 *C.* 77, *Fermon's case.*

(2) *Str.* 1155. *Doug.* 735.— *Louis* vs. *Waller*, 3 *D. & E.* 390.—1 *Laund.* 295.— 1 *East* 92.

In the other class the endorsee is implicated or privy to the original transaction (3); and, on that account, the promisor is permitted to set up any defence which would have availed him against the promisee; because the holder's knowledge of that part of the original transaction which would render the note invalid between the first parties to it prevents him from being defrauded, and makes him rely solely on the responsibility of the endorser. But this reliance is the consequence, and not, as hath been contended, the cause of the note being discredited. For were it the cause, any defence which was good between the original parties might always be interposed against the holder, when the maker, at the time of the endorsement, was poor, or his circumstances unknown, as exclusive reliance is there also placed upon the endorser's credit.

(3) *Ch. B.* 66. *nt.—2 Es. C.* 538. *Wyall* vs. *Buloner.*

It is not pretended that this note is within the first class of cases. But the circulation of negotiable paper being a great facility to commerce, the evidence to defeat a suit on a note supposed to belong to the last class should not be ambiguous. It must clearly appear that the endorsee was apprised of such circumstances as would have avoided the note in the hands of the endorser. One species of such evidence, is that the note was endorsed after due; for the law presumes that a note when due would, if valid, be collected rather than sold; and, therefore, that a purchaser is thus warned, and takes it subject to any existing defence (4.) But where the note is, as in the present action, endorsed before due, no such presumption arises, and other evidence must be offered of the above knowledge. This evidence may consist of express notice of all the circumstances, as in *Steers* vs. *Lashley* (5) and in *White* vs. *Kibling* (6.) Or it may consist of proof that the endorsement was colourable; (7) for there the action is as if between the original parties. Or, that the endorsement was make by a person who, to appearance, as well as in reality, obtained the note from a former owner by fraud or theft. (8.) But in the present case the evidence that the plaintiff knew the note was given for a certain machine, without proving that he also

(4) 3 *D. & E.* 80.—1 *Bos. & Pul.* 399.—4 *Mass. R.* 371. 1 *John.* 552.— 3 *John. C.* 29, *&c.*

(5) 6 *D. & E.* 6. (6) 11 *John.* 128.—13 *John.* 238.—1 *Es. C.* 166. (7) 4 *Mass. R.* 373.—10 *John.* 198. (8) *Bur.* 1561, 452.—13 *East.* 185.—6 *Mass. R.* 453.—2 *John.* 50.

(9) *Reed* vs.
*Prentiss, Ch.*
*May.* 1818, *p.*
174.

knew the machine was worthless, the patent for it void, or the sale fraudulent, showed nothing which would have invalidated the note in the hands of the promisee(9.) Nor was the note rendered suspicious by being sold at a considerable discount ; because the endorser was still holden for payment of the whole, and when the note became due such measures were taken as to fix his liability. Had testimony been offered that the discount was not only considerable, but much less than the customary rate, it might have indicated that the endorsement of the note was in trust. Yet no testimony was offered of the customary rate, nor, if offered, and favourable to the defendant, would it have been strengthened by the circumstance that the promisee after being notified agreed to indemnify the plaintiff against the costs of this action ; because, unless such an agreement be made by every promisee after notice, it would in general be inexpedient for the holder in the first instance to prosecute the maker ; for if he did, and failed to recover, the costs of that suit could not be obtained from the endorser(10.) That a recovery against the maker would, in this case, be beneficial to the endorser, is most true ; but it is equally true in all other cases of common endorsements, and does not alter the absolute interest of the endorsee in the proceeds of the note.

(10) 9 *Ms. R.* 1.
—2 *Es. C.* 483.

Under these circumstances, coupled with the positive evidence that the endorsement was, to appearance, unconditional and for a valuable consideration, we see no reason to be dissatisfied with our directions at the trial.

If the defendant has suffered a wrong, his remedy against the promisee who committed it remains unimpaired.

*Let judgment be entered on the verdict.*

*J. Harris,* for the plaintiff.

*R. Fletcher,* for the defendant.