IN THE

## SUPERIOR COURT OF JUDICATURE.

FOR THE

## COUNTY OF HILLSBOROUGH, FEBRUARY TERM,

### A. D. 1830.

---

## W. EMERSON *versus* G. L. CROCKER.

E. being the owner of two promissory notes which were payable on demand, deposited them with P. for collection, more than ten months after the date of the notes. P. delivered the notes to C. in payment of a debt, due from P. to C.; and C. received the contents of the notes from the maker—in an action by E. against C. to recover the amount of the notes, it was held that the notes must be considered as discredited when C. took them, and that he was not entitled to retain the money against E.

ASSUMPSIT for $400, had and received by the defendant to the use of the plaintiff.

The cause was tried here, at April term, 1829, upon the general issue, and a verdict taken for the plaintiff, subject to the opinion of the court upon the following case.

One Daniel Cumings, on the 20th February, 1824, gave to the plaintiff a note for $200, and as collateral security for the payment of the same delivered to the plaintiff two notes, one for $138,58, and the other for $48,18, both dated April 9, 1823, made by one Caleb Cumings, paya-

ble to the said Daniel Cumings, or order, on demand; and by him endorsed. On the 20th February, 1824, the plaintiff deposited the three notes aforesaid in the hands of one David C. Pratt, for collection, and Pratt gave a receipt for the notes with a promise to return them or their value in each on demand. Pratt afterwards became embarrassed and being indebted to the defendant, the latter called at Pratt's store and requested of Pratt's clerk some security for his debt. The clerk, Pratt being absent, told the defendant he might have any notes, which Pratt had, if he would accept them, and a bundle of notes was then handed to him by the clerk, out of which he selected the two notes made by Caleb Cumings, as aforesaid, and afterwards received the full amount of the same from the maker.

These facts having been proved at the trial, the defendant offered to prove, that after he had obtained the said two notes, he saw Pratt, who told him the transaction was right, and affirmed the doings of the clerk in the delivery of the notes. The defendant who offered to prove that he had allowed said Pratt the full amount of said notes in discharge of his demand against Pratt. But this evidence was rejected.

*B. M. Farley*, for the plaintiff.

*E. Parker*, for the defendant.

When a promissory note, which is payable to order and endorsed in blank, is delivered to a third person for a valuable consideration, all the interest in the note passes ; and if he has received it, *bona fide*, and without notice, he is entitled to hold it against any former owner, who may have lost it, or from whom it may have been stolen. 1 Burr. 452, *Miller* v. *Race* ; 3 ditto, 1516, *Grant* v. *Vaughan* ; Douglas, 611, *Peacock* v. *Rhodes*.

So if notes endorsed in blank are deposited with an agent for a particular purpose, and the agent in breach of the trust reposed in him, sell, or pledge them to an innocent third person, the latter will be entitled to hold

Emerson
v.
Crocker.

them against the owner.   1 B. & P. 539, *Bolton* v. *Puller*, *et a.* ; ibid, 648, *Collins* v. *Martin* ; 2 Espin. N. P. C., 520 ; 2 Dallas, 396, *Wilkinson* v. *Nicklin, et al.*

In the case now before the court, the defendant received the notes of Pratt endorsed in blank as a pledge for what Pratt owed him, and without any knowledge of the transactions between Pratt and the plaintiff.

But it is said, that the notes being due at the time the defendant received them, he must stand in the situation of the person of whom he received them.

We are aware that it has been decided, that if a note be endorsed when it is overdue, in a suit by the endorsee against the maker, the latter may be permitted to set up any defence which he might, if the suit were in the name of the original payee, because it is to be considered as dishonored at the time of the endorsment.

But in the first place, that principle is applied only in cases where the suit is against the maker of the note.   3 D. & E. 80, *Brown* v. *Davis* ; 1 B. & P. 398 ; 1 N. H. Rep. 254, *Perkins* v. *Challis* ;   5 Johns. 118, *O'Callighan* v. *Sawyer* ;   8 Johns. 354 ; 4 Mass. Rep. 370, *Ayer* v. *Hutchins, et al.* ; 3 Johns. Cases, 29, *Jones* v. *Caswell.*

In the next place, a note payable on demand is not to be considered as dishonored until a demand has been made and payment neglected or refused.   7 Johns. 70, *Losee* v. *Dunkin* ;   4 ditto, 224 *Sanford* v. *Micles* ; 1 Johns. 318, *Hendricks* v. *Judah* ; 2 Caine's Rep. 369, *Furman* v. *Haskins.*

And the endorsee of such a note, who pays a valuable consideration for it, without notice of any transaction which would defeat it in an action by the *payee* against the *maker*, is entitled to hold it.   7 D. & E. 423 *Boehm* v. *Sterling.*

The plaintiff has no equity on his side.   It was his folly to place notes, thus endorsed, in the hands of an unfaithful agent.   The defendant was a *bona fide* creditor, seeking security for his demand.

Emerson
*v.*
Crocker.

*By the court.* The notes, the contents of which the defendant has in his hands, were the property of the plaintiff at the time when the defendant received them, and had been deposited by the plaintiff with Pratt merely for collection. They were payable to order, and endorsed by the payee. It does not appear that the defendant had notice, or any reason to suspect, that the notes were not the property of Pratt. And the question is, whether the defendant, admitting him to have been a creditor of Pratt and to have received the notes, *bona fide*, and without actual notice of the interest of the plaintiff, in payment of his demand against Pratt, could, under the circumstances, legally retain the contents of the notes against the plaintiff? If he could, the evidence offered by him was improperly rejected and there must be a new trial, otherwise the plaintiff must retain the verdict.

The general rule undoubtedly is, that an agent or attorney shall not be permitted to pay his own debt with a note deposited with him merely for collection.

But a negotiable note, endorsed in blank, and thus delivered to an agent for collection, stands on its own peculiar grounds. Such a note, if the owner lose it or be robbed of it, and it get into the hands of a person, who was not aware of the loss, for a sufficient consideration, previously to its being due, may be recovered by the person into whose hands it thus comes, and the original holder, who lost it, will forfeit all right of action. Chitty on Bills, 112 ; 3 B. & C. 466, *Gill* v. *Cubitt* ; Doug. 611, *Peacock* v. *Rhodes* ; 1 Burr. 452, *Miller* v. *Race* ; 4 Esp. N. P. C. 56, *Lawson* v. *Weston.*

*A fortiori*, if the owner of a note endorsed in blank deposit it thus with an agent to collect, and the agent, before the note is due, dispose of it, for a sufficient consideration, to a person, who has no notice of the right of the person who deposited it, such holder will be entitled to retain the note against the owner. 1 B. & P. 648, *Collins* v. *Martin* ; 8 Taunton, 100, *Treuttel* v. *Barandon.*

In such a case, the rule, that whenever one of two innocent persons must suffer by the acts of a third, he who has enabled such third person to occasion the loss, must sustain it, is with great propriety applied. But the rule holds only in cases of innocent holders, into whose hands the note came in the regular course of business, before it became payable. If the note be overdue at the time the agent so transfers it, the person who takes it must stand in the situation of the agent. 3 D. & E. 80, *Brown* v. *Davies* ; 2 New. Rep. 170, *Goggerly* v. *Cuthbert* ; 2 Caine's Rep. 369, *Furman* v. *Haskins* ; 2 Caine's C. 308, *Johnson* v. *Bloodgood* ; Chitty on Bills, 106, & 129 ; 1 Cowen, 387, *Havens* v. *Huntington.*

It is said in this case, that if a note be negotiated after it is overdue, notice of its infirmities is to be presumed from that circumstance, only in cases where the suit is against the maker. But the rule is a rule of evidence, and although it has been applied most frequently in suits against the maker of a note, still it is evident, from the nature of the rule, that it may be applied with equal propriety in other cases. In *Goggerly* v. *Cuthbert*, Chamber, J., states the rule to be applicable in trover ; and in *Down* v. *Halling*, 4 B. & C. 330, it was applied in an action for money had and received. We have found no adjudged case, in which it has been decided, that the application of the rule is to be thus restricted, nor do we see any sound reason, why it should be.

It is also said, that a note, payable on demand, does not stand on the same ground as a note made payable at a future day and overdue.

This is undoubtedly true. 4 B. & C. 325. It seems to be well settled that a note, payable on demand, is not to be deemed a dishonored note, merely because it is so payable, and we shall proceed to enquire when such a note is to be deemed a dishonored note, so that whoever takes it, must take it subject to all its infirmities.

There is no precise time fixed by law, at which a note

payable on demand, is, if it remain unpaid, to be considered as dishonored. It depends upon the facts of each particular case, and may vary according to the circumstances and situation of the parties.

In the case of *Sice* v. *Cunningham*, 1 Cowen, 397, it was held, that, where the endorsee of such a note neglected for five months to make a demand of the maker, the demand was not made in due time, and the endorser was not liable.

In the case of *Field* v. *Nickerson*, 13 Mass. Rep. 131, it was held that where all the parties lived in the same town, the endorser of such a note was discharged, no demand having been made of the maker within eight months.

In the case of *Martin* v. *Winslow*, 2 Mason, 241, it was decided, that where the endorsee of a note, payable on demand, had neglected for seven months to make a demand of the maker, the delay, unexplained, discharged the endorser.

Where a bill of exchange, payable a certain number of days after sight, was presented for acceptance twenty-nine days after the date, this was held to be sufficent, under the circumstances, to charge the drawer. 7 Cowen, 705, *Aymer* v. *Beers*.

And it seems, if a note, payable on demand, is suffered to lie beyond what is to be considered a reasonable time within which a demand must be made of the maker in order to charge the endorser of such a note, it is to be deemed a dishonored note. 1 Cowen, 407 ; 7 Cowen, 713 ; 13 Mass. Rep. 137—138 ; 6 ditto, 430.

A note, payable on demand, which was negotiated six months after the date, was, under the circumstances, held to be a dishonored note. 6 Pick. 259, *Thompson* v. *Hale*.

And such a note, negotiated two and a half months after the date, was held to stand on the ground of a discredited note. 7 Johns. 70, *Losee* v. *Dunkin*.

But such a note, endorsed seven days after its date,

was held not to be a discredited note.  6 Mass. Rep. 428 *Thurston* v. *McKown*.

In the case now before us, the notes had remained unpaid more than ten months, when the defendant received them.  And we are of opinion, that in general, such notes must be considered as dishonored notes after the lapse of that time.

Perhaps, under particular circumstances, they might be permitted to remain unpaid that time and still not be considered as dishonored.  But there is nothing disclosed in this case which shows that these notes ought not to have been considered as dishonored, and there must be

*Judgment on the verdict.*