## G. W. PLUMER *versus* JOHN SMITH and E. SMITH.

It is illegal, in a private individual, to suppress a prosecution for a crime, or the evidence necessary to support such a prosecution. And a note given for money knowingly lent, to be applied to such a purpose, is void.

ASSUMPSIT upon a note for $460, dated January 31, 1829, made by the defendants, and payable to one G. Towle, or order, and by him endorsed to the plaintiff.

The cause was tried here, at August term, 1831, upon the general issue. The making and the endorsing of the note were admitted by the defendants.

The defence was, that the consideration of the note was illegal. It appeared that in October, 1828, one John Smith, junior, son of John Smith, the defendant, was arrested by virtue of a warrant issued by a justice of the peace, and founded upon a complaint against him for passing counterfeit bank bills, and ordered to recognize, with surities, for his appearance at this court, in Strafford county, at February term, 1829, and that, not being able to find surities, he was committed to gaol in Dover. Previously to the sitting of the court in the county of Strafford, at February term, 1829, G. Towle applied to J. Smith, the defendant, and stated to him that the prosecution against his son might be stopped by settling with the prosecutors for the counterfeit bills, and their trouble and expenses, and by indemnifying them against their recognizance to appear as witnesses against his son.

Towle also suggested to the father that the money necessary for the purpose might be obtained of the plaintiff.

Smith, the father, concluded to make the arrangment proposed by Towle. The money necessary to effect the business was obtained from the plaintiff, and this note given. Towle made a compromise with the prosecutors, and gave them an indemnity against their recognizances to appear as witnesses and thereupon they forebore to appear, and their recognizances were forfeited.

The evidence introduced by the defendants, tended to prove that the plaintiff was a joint actor with Towle, in the whole transaction, and acquainted with all the circumstances under which the note had been given.

The court instructed the jury that the contract between Towle and the complainants was illegal ; that complainants had no right to enter into arrangements with those who were prosecuted, to suppress a prosecution, without the advice and consent of the attorney general ; that a note given for that purpose was illegal ; and that if the note in question was given to effect that object, and this was known to the plaintiff, when he advanced the money, the defendants were entitled to a verdict.

The jury having returned a verdict in favor of the defendant, the plaintiff moved the court to grant a new trial, on the ground that the jury had been misdirected.

*Bartlett*, for the plaintiff, relied upon the case of *Armstrong* v. *Toler*, 11 Wheaton, 258, and upon several of the cases there cited.

*Stickney* and *Mason*, for the defendant.

The opinion of the court was delivered by

RICHARDSON, C. J. It is not doubted, that an injury resulting to an individual from a crime, may be lawfully adjusted between the offender and such individual.

But it is most unquestionably illegal, in a private individual, to suppress a criminal prosecution, or the evidence necessary to support it.

Bayley on Bills, 357 ; Chitty on Bills, 68 ; 3 Espin. N. P. C. 253, *Norman* v. *Cole* ; 1 B. & A. 282 ; 11 Mass Rep. 368, *Worcester* v. *Eaton* ; 11 East, 45, *Beeley* v. *Wingfield* ; 1 Starkies' N. P. C. 467, *Harding* v. *Cooper* ; 2 Wilson, 347, *Collins* v. *Blantern* ; 5 East, 294, *Edgecombe* v. *Rudd*.

And it is now well settled, that a note given for money knowingly lent, to be applied to accomplish an illegal purpose, is void. 3 Taunton, 6, *Webb* v. *Brooke* ; 4 Burr. 2069, *Faikney* v. *Reynous* ; 3 D. & E. 418, *Petrie* v. *Hannay* ; 6 ditto, 61, *Steers* v. *Lashley* ; 5 ditto, 596, *Waymell Cockburne* ; 3 Vesey, 373, *ex parte, Mather* ; 2 B. & P. 371, *Aubert* v. *Mase*.

The case of *Armstrong* v. *Toler*, 11 Wheaton, 258, lays down no rule inconsistent with this principle, but admits it. It is only decided there, that, if the promise is entirely disconnected with the illegal act, and is founded on a new consideration, it is not affected by the act, although it was known to the party to whom the promise was made, and although he was the contriver and conductor of the illegal act. It is admitted, that if the promise be immediately connected with the illegal act, it is void.

We think that the instructions given to the jury in this case, were entirely correct. If the plaintiff advanced the money to the defendant, John Smith, knowing it was to be used to stop the prosecution and suppress the evidence, it was illegally advanced, and cannot be considered as a legal consideration, which can sustain the the note. The consideration was immediately connected with the illegal act.

Some part of the money may have gone to pay damages, to which the prosecutors were justly entitled. But that circumstance can make no difference in the case. For even that must be considered as paid to effect an illegal purpose, and induce the prosecutors to abandon the prosecution.

*Judgment on the verdict.*