## CLARK *vs.* RICKER & a.

Where a negotiable note was given in part on an agreement by the payee not to farther prosecute the maker on a complaint for adultery with the wife of the payee, and in part as in settlement of damages to him civilly, it is void as to the whole in the hands of the payee.

But it is not in any part void as against a *bonâ fide* indorsee, without notice, who took it before it was due.

To affect a party with notice, it is not competent to show that persons residing near him, or in the same village, took a newspaper in which a caution or notice was inserted.

*It seems,* that one is not necessarily chargeable with notice of every thing which is inserted in a newspaper, taken by himself.

Nor is it competent evidence of notice, to show that the matter was a subject of conversation in his neighborhood, the presence of the party not being also shown, as a distinct fact.

ASSUMPSIT upon a promissory note, dated February 21, 1840, for $50, signed by the defendants, and payable to one Jeremiah M. Rollins, or order, in one year from its date, with interest, and by Rollins indorsed to Walter G. C. Emerson, and by Emerson to Nathaniel Willey, and by Willey to Z. Batchelder, and on the 6th day of February, 1841, indorsed by Batchelder to the plaintiff.

PLEA, the general issue.

It appeared that the note was given for the purpose of settling a prosecution instituted against one of the defendants, charging him with the crime of adultery with the wife of Rollins, and upon the consideration that the payee of the note should no further prosecute the same. It appeared farther that said Emerson, Willey and Batchelder each knew, at the time they severally purchased the note, the consideration thereof.

The defendants contended that the plaintiff also, when he purchased the note, had notice of the existence of a defence thereto, and took it subject to such defence. To prove the fact of notice, a newspaper, called the Dover Enquirer, dated March 17, 1840, was introduced, a paragraph in which was read in evidence, signed by the defendants, and cautioning all persons against purchasing the note declared on, alleging that it had been obtained by fraud.

Z. Batchelder, called by the defendants, testified that the plaintiff was not in the habit of taking that newspaper, but that he himself took it, and that the plaintiff was occasionally at his office, and resided within half or a quarter of a mile of him; that he was in the habit of lending the paper to his neighbors; that several copies of it were taken in the village in Wolfborough, in which himself and the plaintiff resided; that the inn-keeper in said village took it; that there was some talk, although not much, at the village about the prosecution; that the witness never saw the paragraph in the paper, but heard it said that it was published.

It farther appeared that Batchelder sold and indorsed the note to the plaintiff on the 6th day of February, 1841, and that the plaintiff, who was a painter and farmer, and carried on the cabinet business to some extent, gave Batchelder therefor the plaintiff's own note for $52.00, and that Batchelder at the time told the plaintiff it would probably be paid, and assigned as a reason for the sale that Batchelder did not wish to sue the defendants.

The plaintiff objected to the sufficiency and competency

of this proof, and contended that the facts proved neither showed any illegal consideration or the want of consideration in said note.

The court instructed the jury that the consideration of the note, as proved, was illegal, and was such as would render it void in the hands of any one purchasing with notice ; and that it was competent for the jury, if they were satisfied of the fact, upon the facts and evidence above stated, to find that at the time of the purchase of the note the plaintiff had notice of the existence of a defence, and that upon such finding the defendants would be entitled to a verdict.

The jury returned a verdict for the defendants, and the plaintiff moved for a new trial.

*Hale*, for the plaintiff. If the plaintiff is an innocent purchaser for a valuable consideration, without notice, illegality in the consideration is no defence against him. *Chitty on Bills* 87 ; 3 *Kent's Com.* 78–80 ; 1 *N. H. Rep.* 254.

As to notice, we cite *Story on Bailments* 357. The rule there is applied to common carriers, but the principle is applicable to other cases.

There should have been proof that the plaintiff was in the habit of reading the paper containing the notice. A notice in a gazette is not evidence, unless there is some evidence showing that the party saw the paper. 3 *Stark. Ev.* 1079. A husband, relying on notice not to trust his wife, must prove express notice. If he rely on the gazette, he must prove that the party read it. 2 *Stark. Ev.* 694; *Bac. Abr., Bar. & Feme.*

So of notice of the dissolution of a partnership. 3 *Stark.* 1080. Here was no evidence, competent to be submitted to a jury, to find notice.

The consideration was not illegal. It was competent for Rollins to settle the prosecution. There is a distinction between felonies and misdemeanors in this respect. A note given for compounding a misdemeanor may be recovered at

law. 2 *Esp. R.* 643, *Drage* vs. *Ibberson.* It has been a common practice to settle prosecutions for assaults and batteries.

*I. Bartlett,* for the defendants. The consideration of the note is illegal. 5 *N. H. Rep.* 553, *Plumer* vs. *Smith ;* 18 *Pick.* 440, *Jones* vs. *Rice ;* 6 *N. H. Rep.* 225, *Hinds* vs. *Chamberlin ;* 9 *N. H. Rep.* 197, *Shaw* vs. *Spooner.* And we contend that it is absolutely void in the hands of the payee, and that no indorsement of it can give it life. It is void with or without notice. We are aware that *Chitty* and *Bayley* lay down a different doctrine, and say that notes except for usury and gaming are not void. But we think the authorities do not sustain this.

If void, there is no subsisting contract between the parties, and nothing to assign.

Notes void by statute for usury and gaming, are so because of illegality in the consideration. *Doug.* 736, 743, *Lowe* vs. *Waller.*

*Chitty* lays down the rule, that, unless expressly declared so by the legislature, the note is not void ; and *Bayley* states the rule in the same way ; but the authorities referred to do not sustain them.

In some of the New-York cases it is said that the rule laid down in *Chitty* is law, but that was not the point in question.

There is a case (1 *Bay.* 249) in which the point directly arises, and it is there said that the note is as void as if made so by statute.

But if it require notice, legal notice was brought home to the plaintiff. The question is not whether the newspaper notice was sufficient, but whether there was evidence enough to be left to the jury. The witness stated that there was conversation about the illegality of the transaction.

The jury were to judge of the sufficiency of the evidence. The court ruled merely as to its competency.

*Hale*, in reply. *Perkins* vs. *Challis*, 1 *N. H. Rep.* 254, sustains *Chitty*, *Bayley* and *Kent*.

If the newspaper was not competent to go to the jury, the verdict must be set aside. They may have founded their verdict, so far as notice is concerned, on that alone.

It is a question of law whether the notice be reasonable or not. 3 *Day* 353, *Mowatt* vs. *Howland ;* 3 *Phill. Evid.* (Cowen & Hill's Ed.) 1146.

PARKER, C. J. The agreement not to prosecute for the alleged offence, formed a part of the consideration for which the note was given. It was not merely a settlement of the damages.

The contract being entire, and a part of the consideration illegal, the whole note may be avoided in the hands of the payee, or of a holder with notice. 5 *N. H. Rep.* 533 ; 6 *Ditto* 225 ; 9 *Ditto* 197. But this is not a defence which can avail against an indorsee who took it before it was due, and holds it *bona fide*, without any notice of the illegality in the consideration. 1 *N. H. Rep.* 254 ; *Story on Bills* 210, § 189.

The attempt to charge the plaintiff with notice, by evidence that a notice was inserted in certain newspapers taken by other individuals, residing near him in the village, was wholly incompetent for that purpose. It would be preposterous to charge a party with notice of every thing which is inserted in a newspaper taken by himself.

The evidence that the matter was a subject of conversation in the neighborhood, it not appearing to have been in the presence of the plaintiff, was also incompetent. The jury are not to guess or presume that he must have heard it spoken of, for that reason alone.

If there was enough besides in the evidence which might have been submitted to the jury, on which to find that the plaintiff had *in fact* knowledge of the circumstances, or sufficient notice to put him upon inquiry, or that he was *in fact*

only a nominal plaintiff, it does not appear that from such evidence alone they would have so found, and there must, therefore, be a                              *New trial.*