Wentworth v. Blaisdell.

## WENTWORTH *v.* BLAISDELL.

A note, of which the consideration is an agreement to suppress a criminal prosecution, is good in the hands of an innocent indorsee for value, unless void by the terms of the statute.

ASSUMPSIT brought by the indorsee of a promissory note given by the defendant to one Joseph Mudgett, or order, dated June 13, 1843, for $87.50, payable in one year and interest.

The note was indorsed to the plaintiff before it became due, and the defendant was duly notified by the plaintiff.

On the day of the date of the note, one John Pease, Jr., was under arrest upon a warrant issued by a justice of the

peace, upon a complaint made by one Buzzell against Pease for passing to Buzzell counterfeit money. Mudgett acted as agent of Buzzell, caused the complaint to be made, and procured the warrant. After Pease was arrested, and while he was under arrest, Mudgett agreed that Pease should be released from arrest and the counterfeit money returned to him, provided Pease would pay him the amount for which the note was given, and cost of prosecution. Pease, not having the money, offered to give Mudgett his note; but Mudgett refused to take Pease's note, but agreed to take a note of the defendant. Pease procured the defendant to give his note to Mudgett for the sum agreed upon between Pease and Mudgett, and Pease gave the defendant a bond of indemnity.

The plaintiff knew nothing of the consideration of the note at the time he purchased it of Mudgett.

The defendant was knowing to the whole transaction at the time the note was given by him to Mudgett, and for what it was given. It was agreed by the parties, that, on the above statement, judgment should be rendered for the amount of said note, and interest and costs, if, in the opinion of this court, the above defence was insufficient; otherwise for the defendant and his costs.

*Hall*, for the defendant. A contract or agreement is unlawful, if it be to encourage unlawful acts or omissions. 1 Powell Contracts 196. Where an original contract is void, no subsequent act can purge it of that quality; the assignee of such an agreement shall have only the fair and equitable advantage and benefit of the agreement that the assignor himself is entitled to. If nothing be bound by the agreement, nothing can be assigned over. 2 Powell Contracts 177.

A contract to pay for the perpetration of a crime is void. 1 *id.* 164, 165.

A contract to stifle a prosecution for felony cannot be executed in equity. 2 *id.* 192, 193.

Formerly a bill of exchange, given in consideration of a usurious contract, was absolutely void, even in the hands of a fair indorsee. So a promissory note, given for money lent, knowingly, to game with, cannot be recovered in any hands whatever; 1 Esp. 27, 28, and the authorities there cited; and though the plaintiff has not been a party to the illegal transaction, yet, where the assumpsit has arisen from it, he cannot recover. *id.* 90.

If a criminal processs by which a person has been arrested is made use of in any manner to compel the procurement of a note, or if it was any part of the consideration of the settlement on which such note was given, such note is void. 9 N. H. Rep. 197, *Shaw* v. *Spooner.*

A note, given for dropping a criminal prosecution, is void. Chitty on Bills 96 (Phil. ed).

The indorser of a promissory note transfers to the indorsee nothing more than his legal rights in the note. Chit. on Bills, 17; 3 N. H. Rep. 151, *Plumer* v. *Drake.*

The only objection to a plea of usury to a note in the hands of the indorsee was that it did not state that the payee was alive. 5 N. H. Rep. 553, *Plummer* v. *Smith et als.*

Note given to suppress a prosecution, held to be void, even in the hands of an indorsee. 6 N. H. Rep. 225, *Hinds* v. *Chamberlain.*

*Emerson,* for the plaintiff, cited 11 East 43; 20 Pick. 545; 12 do. 544.

WOODS, J. This is an action brought by the indorsee of a promissory note, made by the defendant to Mudgett, and by Mudgett indorsed to the plaintiff for value, before it was due, and without any notice on his part that it had been given for any illegal consideration or purpose.

The defence is, that the note was given in considera-

tion of an agreement to suppress a prosecution which had been instituted against one Pease, for an alleged crime, and that the note is therefore void, even in the hands of an indorsee who has taken it under the circumstances that have been described.

That a note given for such consideration is void, as between the original parties to it and to the consideration, and even in the hands of one who has notice at the time of taking it, of the illegality of the transaction in which it originated, or who holds it for the benefit of another in whose hands it would for such a cause be invalid, or who has taken it after its dishonor, is well established by numerous cases in this State. *Hinds* v. *Chamberlain*, 6 N. H. Rep. 225; *Shaw* v. *Spooner*, 9 do. 197; *Williams* v. *Little*, 11 do. 66.

But the general rule is, that negotiable paper that has passed to innocent holders, for good consideration, in the ordinary course of business, is not subject to objections founded upon the illegality of the consideration for which it was given, and which would have avoided it in the hands of the original holder.

Upon that ground it was held in *Clark* v. *Ricker*, 14 N. H. Rep. 44, that a note given in consideration of an agreement by the payee to forbear to prosecute further the maker of the note for adultery, although void between the parties to the consideration, was good in the hands of an innocent indorsee, for value, and without notice.

This general rule is said by Mr. Justice *Story* to have but one exception; and that is, when a statute prohibiting a particular class of contracts makes notes and bills, given in consideration of such, absolutely void. Of these cases there are but few, the general policy which favors the free circulation of negotiable paper having to a great extent restrained the making of such statutes. Story on Notes, sec. 192.

The judgment must, according to the agreement of the parties, be for the plaintiff.