## CARLTON *v.* BAILEY & *a.*

If the price of goods sold, of which the sale is prohibited by law, constitutes a part of the consideration of a promissory note, an action cannot be maintained upon the note.

The sale of spirituous liquors without a license, is presumptively against law; and the party who seeks to bring his case within any exception or qualification of the rule, has the burden of proof.

A note payable on demand will be deemed to be dishonored at the end of seven months and seventeen days, in the absence of proof of any circumstances to rebut such conclusion.

ASSUMPSIT upon a promissory note, dated December 14,

Carlton *v.* Bailey.

1850, for $100, payable to Solomon Woods or order, on demand with interest, and by him indorsed to the plaintiff.

Upon the general issue, the defendants' evidence tended to show, that the note was given to Woods as part of the consideration of the sale of a stock of goods, in a store at Nashville, in this county, of the value of about $1800; of which spirituous liquors were a part, to the value of about $700; that Woods and Greeley, by whom the sale was made, had no license to sell spirituous liquors; and that the note was not transferred or indorsed to the plaintiff, Carlton, until August 1, 1851.

There was evidence that Woods and his partner had each paid $100 to Carlton, of whom they purchased, and they had jointly given their notes for the residue of the purchase money. They had also contracted some debts at Boston for additional stock. On the sale to the defendants, they agreed to pay to Woods and Greeley respectively the $100 each had paid to Carlton, and to assume the payment of their notes to Carlton and their debts at Boston. Greeley received his $100, and Woods received this note for his hundred dollars. It did not appear in what forms the liquors sold were at the time of the sale, whether in the original packages or otherwise.

The court instructed the jury, that they must take it as the law, that a note, which was payable on demand, and had run seven months and seventeen days, was a dishonored note; and that if they found this note was not indorsed till after that time, it was subject to the defence set up in this case.

The court also charged the jury, that where there was a sale of a number of articles of merchandize by one contract, and the sale of any portion of those articles was illegal, the illegality tainted the whole contract, and the consideration of what would otherwise have been legal, could not be separated from what was in itself illegal.

The court also charged the jury, that in New Hampshire,

presumptively, every sale of spirituous liquors made without a license, is contrary to law; and the seller who contends that sales of such liquors were made in the casks and packages in which they were imported, is bound to show that fact.

The jury found a verdict for the defendant, and the plaintiff, having excepted to the foregoing instructions, moved that the verdict may be set aside and a new trial granted, by reason of those exceptions.

*Lull,* for the defendants.

The illegality of the consideration of a note may be insisted on as a defence or bar between the indorsee and the maker, where the indorsee takes the note after it has been dishonored, or is overdue. Story on Promissory Notes, § 190; 5 N. H. Rep. 164; 10 N. H. Rep. 343; 2 Met. 288; 4 Mass. Rep. 370; 8 Mass. Rep. 418; 5 Pick. 312.

The length of time a note, payable on demand, may run before it becomes dishonored or overdue, depends on the circumstances of the particular case. It must not have run an unreasonable length of time. Story on Promissory Notes, § 207; Story on Bills, § 231, and authorities cited.

There is nothing in this case to show that the shortest time capable of dishonoring a note on demand, should not render this dishonored. It was given in the course of a mercantile transaction, and the immediate parties to the note lived in the immediate vicinity of one another.

There are numerous decisions, that a note payable on demand is dishonored or overdue by running a less time than seven months and seventeen days. In 13 Mass. Rep. 138, it is decided that eight months would render such a note dishonored; and it is observed that there is no doubt a much shorter time would produce the same result. In *Thompson* v. *Hale,* 6 Pick. 259, a note on demand, indorsed to plaintiff after six months from its date, was treated as a dishonored note. In 2 Met. 288, eight months dishonored a note pay-

able on demand. In 1 Cowen 397, five; 2 Mason 241, seven; 7 Johns. 70, two and one half; 10 Mass. Rep. 51, six; 6 N. H. Rep. 364, three months and twenty-six days; and 6 N. H. Rep. 469, four months and twenty-two days, were treated as rendering a note payable on demand as over-due. See also 4 Mass. Rep. 370; *Emerson* v. *Crocker*, 5 N. H. Rep. 165.

When an illegal contract is made between parties *in pari delicto*, the contract is void, and neither party can maintain an action which requires for its support the aid of such illegal contract. *Roby* v. *West & a.*, 4 N. H. Rep. 285, and authorities cited; *Wheeler* v. *Russell*, 17 Mass. Rep. 258; *Pray* v. *Burbank*, 10 N. H. Rep. 377; 14 Mass. Rep. 322; *Russell* v. *De Grande*, 15 Mass. Rep. 35; *Clark* v. *Ricker*, 14 N. H. Rep. 48; 11 Mass. Rep. 378; *Gray* v. *Hook*, 4 Comstock's Rep. 449; *Ferris* v. *Adams*, 23 Vt. Rep. 137; Chitty on Contracts, § 657.

The sale of spirituous liquors without a license is, in New Hampshire, such a contract. *Lewis* v. *Welch*, 14 N. H. Rep. 294; *Caldwell* v. *Wentworth*, 14 N. H. Rep. 431.

Where the contract is entire, if a part of the consideration or transaction is illegal the whole contract is void. The contract is not devisible. *Carlton* v. *Whitcher*, 5 N. H. Rep. 200; *Roby* v. *West*, 4 N. H. Rep. 285; *Clark* v. *Ricker*, 14 N. H. Rep. 48; *Hinds* v. *Chamberlain*, 6 N. H. Rep. 225; *Shaw* v. *Spooner*, 9 N. H. Rep. 197; Story on Contracts, §§ 627, 459, and authorities cited; Story on Promissory Notes, § 190.

The test whether a demand connected with an illegal transaction is capable of being inforced at law, is whether the plaintiff requires any aid from the illegal transaction to establish his case. 7 Taunton 246, approved in 4 N. H. Rep. 290. Independent of this illegal transaction, a sale of a stock of goods, a part of which was liquors, without a license to sell liquors, there no consideration for the note. Take away this transaction, and the note must fail, for want

of a consideration; with it, it must fail, by reason of the illegality of the consideration.

If the liquors in question had been in the casks and packages in which they were imported, under the circumstances of the sale, the contract would have been illegal, and consequently void. *Pierce & a.* v. *State*, 13 N. H. Rep. 536.

*Atherton & Sawyer*, for the plaintiff.

Woods, J. It is a familiar and well settled principle, that if a part of the consideration of a note is illegal, as founded in a transaction which is forbidden by the law, no action can be maintained upon such note by the payee. *Clark* v. *Ricker*, 14 N. H. Rep. 44, and cases there cited.

It has also been settled that the act of July 4, 1838, which imposes a penalty upon any person who shall sell spirituous liquors without license, makes the contract of sale illegal. *Lewis* v. *Welch*, 14 N. H. Rep. 294. The reasons upon which that decision was founded, are equally conclusive of the illegality of the sale of such commodities under the statutes in force at the time of the transaction referred to in this case. Rev. Stat. ch. 117, § 6; Laws of 1849 ch. 846, § 5.

It does not appear that the sale of the liquors without license, in this case, was made under any circumstances creating an exception to the general rule, which renders such sale illegal. But if the circumstances relied on were in fact of a nature which brought them within the peculiar knowledge of the party affected by the illegality of the transaction, he should have shown them. It has been so decided, even in criminal cases. The present case falls distinctly within that principle. If the plaintiff in this case had deemed it for his advantage on the trial, to bring to the knowledge of the court and jury, that the goods were sold in particular packages; he should have made proof of the fact, and not have asked that it might be inferred. The burden of proof rested with him. *Sheldon* v. *Clark*, 1

Johns. 513; *Gearing* v. *The State*, 1 M'Cord, 573; *Apothe-caries Company* v. *Bentley*, Ry. & Mood. N. P. Rep. 159.

The sale of liquors without license, as the sale in this case is admitted to have been, is by the laws of the State illegal, and no action can be maintained to enforce such contract.

Whether the plaintiff, the indorsee of the note, was affected with the taint of the illegal consideration, depends upon the question whether he received it for a good consideration, in the usual course of trade, at a period so immediate after its date, as to justify him in presuming that its original consideration was sound, and that neither that, nor any matter intervening since, occasioned the note to remain unpaid in the hands of the party from whom he received it.

A note, which is in terms payable to the order of the payee, is at any time negotiable ; but, if the transfer of such note, which is payable on demand, take place at a period so long after its date as might reasonably excite suspicion that it was not good, the party taking the paper is charged by law with notice of any unsoundness in the consideration, or any defence since intervening, which would have defeated an action between the original parties to it. The length of time that a note may remain due, before this suspicion of its soundness attaches to it, depends upon circumstances not very clearly defined. But it would be doing violence to the decisions on this point, in this State and elsewhere, if we were to say that as between mercantile men, not shown to be residing at a great distance from each other, and with no impediments to easy and frequent communication, disclosed in the case, this note was not overdue and dishonored at a period, as early at least, as that at which it was negotiated. From the 14th of December to the first of the following August is such a length of time for a note of this description to remain due, that the purchaser might well have been put upon his inquiry as to the circumstances of its origin and its history, and be adjudged to have taken it with a full knowledge of them, and with all the disadvantages and

risks attending the purchase of dishonored paper. *Franklin* v. *March*, 6 N. H. Rep. 364; *Emerson* v. *Crocker*, 5 N. H. Rep. 159, and cases there cited.

We are therefore of the opinion that the rulings of the court were correct, and that there must be,

*Judgment on the verdict.*